Per Curiam.

Both services cannot be good; wherever there is an attorney retained* the service must be on him ; therefore, the service on Eden himself was irregular, but the service on the attorney’s brother being in his office, waá good. Lansing, Ch. J. and Lewis, J. were of opinion, that the attorney in this case being constituted only an attorney to confess judgment, his authority expired with that act, and therefore, he could no longer be considered as attorney in the suit, but they both agreed that the service on Eden was well made.
B. Livingston then, before the counsel for the Bank proceeded in the argument, read counter *139 affidavits, contradicting some of the principal facts contained in the affidavits on the part of the application.
The counsel for the Bank contended, that in this transaction a fraud had been practised between Eden and Wardell, on the Bank, by entering up the satisfaction after notice, which must have been done to defeat the lien which the judgment had given the Bank upon Eden’s real estate. They now, therefore, appeared before the court for the purpose of getting that entry of satisfaction vacated, and strongly insisted, 1st. That the entry of satisfaction was irregular, because it was done by the party himself, and not by his attorney. They said, that although by statute a party might possibly “ appear, prosecute, defend, &c. in person,” yet that after he had once made an election to appear by attorney, he could not be known in the suit in person. 2d. That notwithstanding the form of pleadings was still preserved, and suits are still instituted in the names of obligees, yet that courts of law will always take notice of the rights of assignees, and protect them from injury, so that substantial justice shall be done between the parties. To show that this had been done, and to what length courts of law have gone, they cited 1 Durn. & East, 619. 4 id. 340. And to show that the court may interpose in this summary way, and lay their hands at once on the judgment, without turning the applicants round to a court of chancery, they cited Fin. Abr. tit. Judgment, letter K. a. 633, 4, 5, 6. Or if there should arise any doubts about the facts alleged, the court might, on this motion, direct an issue. 1. Wils. 331. Sayer, 253. Barnes’ Notes, 136.
*140 The Attorney- General and B. Livingston, contra..
They said that this was a novel way of bringing up such a question, and that really neither of the parties to the suit were in court. But they insisted,. 1, That it was perfectly regular for the party to enter up the satisfaction himself, and denied that it was either the province or the duty of the attorney to do it; that the very form of his warrant showed this, for being merely to prosecute and defend, the entering up. satisfaction of the judgment could not be considered-as being comprised within his powers. 1 Sellon’$ Frac. 14. Sayer’s Reports, 217. 2 H. Black. 608. They said that by the practice of courts, warrants of attorney are in force for one year and a day, for the sole purpose of enabling the attorney to sue out execution. Bac. Abr. 299. that the general warrant of attorney only extends to judgment and execution, and that there ought to be a special warrant made out for the purpose of authorising an attorney to enter satisfaction, which might be made to the attorney who had conducted the suit, or to any other. Sir Thos. Raymond, 69. 1 Cromp. Prac. 378. Sellon, 546. Impey, 408. They observed, that the doctrine contended for on the other side, viz, that all acts, re- / fating to a suit after it was instituted, must be done by the attorney, could not be true, inasmuch as it was settled law that a retraxit must be always entered by the party himself, and could never be done by attorney. 2 Sellon, 338- 3 Salk. 245. 8 Mod. Rep. 58. 3 Black. Com. 296.
As to the second point that courts of law will always take notice of the rights of assignees, they* *141 said this could only be sub modo, for that chases in action were only assignable by way of covenant. They might, possibly, form a consideration for an assumpsit, and if so, the original instrument is gone, the demand becomes a personal one, and the action must be brought upon the promise; if not, then the plaintiff must always resort to a court of equity. 2 Black Reports, 821. 4 Durn. & East, 341. 640. They insisted further, that, at any rate, this was not the proper method for the plaintiff to procure a remedy, by vacating the judgment on motion. The law in such case would oblige a party paying money after notice to pay it over again, and the demand, therefore, front. the time of notice is purely a personal one. 1 Douglass, 238. 6 Durn. & East, 361. Courts of law, they said, never vacate a judgment for fraud, but only for irregularity, or in cases of legal disability, such as of an infant, feme covert, or a person under duress, where the instrument is voidable. 1 Sellon, 377.— At common law the remedy was by action of deceit, and if it happened subsequent to judgment, by audita querela. In cases of fraud, or other controverted facts, an issue is always to be directed. Cowp. 727, But if this motion should succeed and an entry be made, vacating the judgment on the ground of fraud* and, afterwards, a jury, whose exclusive province it is, to judge of fact, should find the fact differently, then the record would be at variance with itself.— Here, however, it would be improper in this court, to direct an issue, for the court of chancery is the proper forum for that. Why cannot the plaintiffs proceed by scire facias, on the judgment in the name of Wardell against Eden, when the pleadings would afford an issue of fraud or no fraud, to be tried by a *142 , jury ? As to the notice of the assignment, so much _ relied on, they contended that the furthest the' court could go as to notice to assignees, would be to put them on the same footing with indorsors of bills of exchange, and there it was not only necessary to give notice but to add that the indorsor was looked to for payment; no such thing was pretended here. They, therefore, insisted, that the applicants had failed, both on the ground of substantial facts, and in the method taken to obtain relief. It was strenuously insisted that the remedy in such case is by resorting to a court of chancery.
Harison and Hamilton, in reply, said, this was the only way that the plaintiffs had to secure the property from being placed entirely beyond their reach, and that although a scire facias should be brought, as suggested on the other side, yet that they could have no security for satisfaction of their judgment in the event of their recovering one. That as to the instance of a netraxit which had been cited as militating with the principle they contended for, it did not apply, for the attorney is to prosecute the suit for the ends of obtaining satisfaction, but a retraxit is not a prosecution for such end ; it is entering a bar to the suit without having received satisfaction. That it is important that attornies should make the entry of satisfaction, as it would guard the court against fraud, for the court can always know its own officers, but cannot be supposed to know the party. They denied the position that courts of law could vacate judgments for irregularity only, and relied, upon the case of the quare impedit cited from Finer, where a judgment was vacated on the ground of fraud; not, they admit *143 tecl, by motion, but that, they said, must depend on the extension of that form of practice, of late years.--— The}r said that they should not dissemble, but that where the facts were disputed, there might be some doubt as to the mode; perhaps the directing of an issue might be the most advisable method, but, in the meantime, that the judgment ought to be considered as remaining unsatisfied, yet not subject to any new liens. That as to sending the plaintiffs to a court of chancery, it was objectionable, 1. Because, although, a court of chancery will not interfere where the party has a remedy at law, yet the converse of the proposition is not true. 2. Because, it will be to turn a legal lien, which the plaintiffs have, into a mere equitable lien. 3. Because, if there is a remedy at law, chancery will refuse to relieve. They, therefore, prayed, that their application might be granted. Cur. ado vult.
On the last day of term, Benson, J. delivered the following order, as the opinion of a majority of the court; Lansing, Ch. J. and Lewis, J. dissenting.
“ On reading and filing the affidavit of Martin 8. 5£ Wilkins, and the papers thereunto annexed, on the ££ part of the President, Directors and Company of the “ Bank of New- York, claiming to be assignees of the ££ judgment in this cause, and the affidavit of the “ said Joseph Eden, and the papers thereunto annex- “ ed on the part of the said Joseph Eden :
“ Ordered, That a vacatur of the entry of satisfac- “ tian of the said judgment be entered on the record7, *144 <£ and a minute thereof made in the book of dockets “ of judgments. Provided, that the said President, “ Directors and Company, shall not cause a scire “ facias, or any writ of execution to be sued, or a “ suit in debt to be brought on the said judgment, “ until they shall have farther applied to the court; “ and it is to be understood also, that the said Joseph 66 Eden may, at any time apply to the court that the ££ entry of satisfaction may be deemed unvacated, or “ that satisfaction be entered anew on the said record, <£ and the court will, on such future applications of “ the parties, respectively, take such order as shall be ££ just: and it is further ordered, that the clerk cause “ a copy of this* rule to be annexed to the said rc> ££ cord.”