By the Court, Bronson, J.
It is now well settled that courts of law will take notice of and protect the rights of all persons beneficially interested in the demand, who necessarily sue in the name of another. Their rights cannot be defeated by any transactions between the defendant and the nominal plaintiff, after the former has notice of the true state of the case. Whether the rule applies where the owner might have sued in his own name, and yet sues in the name of another without his consent, need not be determined on the present occasion. In England, the most common mode of giving relief has been by an order of the court precluding the defendant from setting up a payment to or a release given by the nominal plaintiff; and sometimes *239 the release has been ordered to be delivered up to be cancelled. And pleas setting up such defences have been struck out on motion. The cases are collected in Chit. On Cont. 744, 779, 780, ed. of 1842. But with us, the course has been to leave such matters to be tried in the ordinary forms of law, instead of granting relief on motion. If the defendant pleads the release or other matter of defence, the plaintiff replies, setting up the assigmnent and notice, or giving such other answer to the plea as the nature of the case may require. If the defence is given in evidence on the trial without having been pleaded, the plaintiff gives his answering evidence, and the whole matter is passed upon by the jury. The following references will be sufficient to illustrate what has been said: Johnson v. Bloodgood, (1 Johns. Cas. 51;) Andrews v. Beecker, (id. 411;) Littlefield v. Storey, (3 Johns. Rep. 425;) Van Vechten v. Graves, (4 id. 403;) Anderson v. Van Alen, (12 id. 343;) Meghan v. Mills, (9 id. 64;) Dawson v. Coles, (16 id. 51;) Briggs v. Dorr, (19 id. 95;) Jackson v. Blodget, (5 Cowen, 202;) Wheeler v. Wheeler, (9 id. 34.) I think this much the better course than to decide such questions upon affidavits, where the testimony is often conflicting. If, from the nature of the case, the matter cannot be tried in the usual manner, then relief will be granted on motion. (Wardell v. Eden, 2 Johns. Cas. 121; id. 258; Col. Cas. 137; 1 Johns. Rep. 531 note, S. C.) Here, there is nothing in the way of trying the validity of the release at the circuit.
Motion denied.