Oldham, J., delivered the opinion of the court. The appellant, by pleading overj abandoned the matters of de-fence contained in his demurrer, and cannot now rely upon them to question the sufficiency of the declaration, as has been repeatedly ruled by this court. We will therefore not enquire whether a bond made payable to bearer upon its face, is a valid obligation,.but will only determine whether such a bond may pass by delivery to a third person, so as to vest in him a right of action in his own name without regard to the original obligee. It was an ancient rule of the common law, that no sanction would be given to give effect to the transfer of any possibility, right, or any other chose in action (which was defined to be a right not reduced to possession) to a stranger. Chitty on Bills, 7. But courts of law, anxiously attending to the interests of the community in support of commercial transactions, established the law merchant, id. II. The transferrability of promissory notes and bills of exchange, by delivery or assignment, depends alone upon the law merchant for its support, by which a bill or note made payable to bearer may pass by delivery, and vest in the holder the legal interest, and authorize him to maintain an action in his own name upon it. But this innovation upon the ancient rules of the common law, never obtained in favor of sealed instruments, nor was the law merchant ever extended in its application to such instruments. At common law a bond cannot be assigned so as to enable the assignee to sue in his own name, yet he has, by the assignment, such a title to the paper and wax that he may keep or cancel it, 5 Bacon’s Abr. 155, and by the modern practice he may sue for it in the name of his obligee, id. note e. Courts of equity, first, and now courts of law take notice of such assignments of choseá in action, and afford them every protection, not inconsistent with the principles and proceedings of tribunals, acting according to the course of the common law. Mandeville vs. Welsh, 3 Con. Rep. S. C. U. S. 554, and courts of common law, as well as courts of equity, will take notice of the assignment of choses in action, and, to every substantial purpose, will protect the assignee. Corser vs. Craig, 1 Wash. C. C. R. 424. Andrews vs. Beecher, 1 John. Cas. 411. Littlefield vs. Story, 3 J. R. 426. Wardell vs. Eden. 2 Johns. Cas. 121. Raymond vs. Squire, 11 J. R. 47. This protection, -which is given to the holder of a specialty, by assignment, with authority to sue in the name of the obligee to his use, is as far as the common law has ever gone, to vest in sealed instruments a negotiable quality. The Legislature has, however, enacted that all bonds, &c. shall be assignable, and that the assignee may sue in his own name as assignee thereof. Rev. Stat. chap. 11, sec. 1,2. A bond is therefore negotiable in only one way, so as to vest in the holder a right of action in his own name, and that is by a regular assignment under the statute, and no suit can be maintained upon a bond except in the name of the obligee, or in the name of the person who has acquired the legal interest in the bond, through him, by assignment. It therefore follows that a mere delivery will not vest in the holder a right of action in his own name. The maker of a bond can give it no form so as to change its character, or give it a negotiable quality unknown to the common law, and unauthorized by statute. The doctrine, contended for, that a bond, made payable to bearer, may pass by delivery in the ordinary course of business or trade, -would place such an instrument upon the same footing with bills of exchange and promissory notes, and subject bonds to the government of the law merchant, which'has never been applicable to them, and would thereby introduce a new rule at war with principle, and unsupported by precedent. The law upon this subject is too firmly established to be shaken, and this court must be governed by it. We cannot confer a character upon bonds which they never possessed, or recognize and enforce rights in violation of well known and long established principles of lav/. The rights acquired by, and the remedies given upon bonds, must be recognized and enforced according to the rules of the common law, subject to the changes and modifications enacted by the legislature upon the subject. At common law they are not negotiable, so as to vest the holder with the right of action upon them in his own name, and the statute has not made them so except by assignment. In this case Greenwood was not the obligee to whom the bonds were originally given ; it was proven upon the trial that they were executed and delivered to a different person, and this fact was admitted by the plaintiff himself; nor does he claim the interest or sue upon the bond as assignee. Having sued upon the bonds as .obligee it was essential, to the sustaining-of his action, to prove their .execution, and delivei’y to him, if denied, which was done by the defendant’s plea; but so far from establishing the fact of the delivery to him, the reverse was proven by the defendant, and it was .also admitted by the plaintiff. For these reasons the judgment of the circuit court is erroneous, and must be reversed.