## Case No. 6,254.

### HAY v. ALEXANDRIA & W. R. CO.

[1 Hughes, 168.] [1]

Circuit Court, E. D. Virginia. March, 1877.

EQUITY—BILL TO SET ASIDE SATISFACTION OF JUDGMENTS.

1. The complainant had purchased all existing judgments against the defendant railroad company; and afterwards purchased all the company's property sold under a trust deed junior to the judgment liens; and then marked as satisfied the judgments he held, on the proper dockets. In a subsequent litigation the deed of trust and his purchase under it were adjudicated to be illegal and void. He thereupon filed a bill in chancery against the company, praying that his satisfaction marked against the judgments might be set aside, that the defendant be decreed to pay the judgments, and that he might have general relief.

2. A demurrer to this bill, on the ground that he had full remedy at law, and that therefore a bill in equity did not lie, was overruled.

In chancery. The complainant [Alexander Hay] had purchased sundry judgments, which were all that were outstanding, against the defendant company [the Alexandria & Washington Railroad Company], which were duly recorded on the judgment docket in the proper clerk's office designated by the laws of Virginia. These judgments were superior to a deed of trust subsequently executed upon the property of the company. With the purpose of reorganizing the company on a new basis, the complainant afterwards purchased all its property at a sale made by the trustees under the deed of trust. Having thus become sole owner by this purchase, he made in writing a memorandum on the prop-

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

er record in the proper office of the court, declaring that the judgments which he had purchased were satisfied. He did this in full faith that the sale to him under the deed and his title by purchase were valid. This deed and sale were afterwards attacked, and, after a course of litigation, were pronounced by the supreme court of the United States invalid and null. The complainant now brings his bill in equity, reciting in detail the facts just set forth, and praying that the satisfaction entered upon the judgments which he had purchased be set aside; that the defendant be adjudged and decreed to pay him the amounts of the judgments with interest; that the judgments be decreed to be a lien upon the property of the defendant, as of the date when the satisfaction was entered; and that other and further relief be granted as the nature of his case requires. To this bill a general demurrer was interposed; the demurrant insisting, generally, that there was no jurisdiction in equity, because the complainant had full and compact remedy by action at law against the company.

H. H. Wells, for complainant.

S. Ferguson Beach, for defendant.

HUGHES, District Judge. The only remedies at law are, action upon the judgment, scire facias to revive the judgment, issuing execution thereon, and motion to set aside the satisfaction. In regard to the first three remedies, the plaintiff would be met with the record of satisfaction, and this being a matter of record could not be avoided by pleading at law. "There can be no averment in pleading against the validity of a record, though there may be against its operation." Chit. Pl. 481, 354; Biddle v. Wilkins, 1 Pet. [26 U. S.] 692. It needs no citations of authority to support the proposition, that a record cannot be revised or contradicted by parol proof. It is not competent in an action at law on a specialty, for the defendant to avoid it by pleading that it was obtained by fraudulent misrepresentations made by the plaintiff. 2 Rand. (Va.) 426; Taylor v. King, 6 Mumf. 358. Certainly a record stands upon as high a ground as a specialty. As to actions on contracts, this rule has been changed by special statute in Virginia, but such statute does not affect a record. A motion may be made to quash an execution because a court has control over its own process, but a motion to set aside a satisfaction is entirely different. Such a record is not the action of the court, but of the party alone. But even on a motion to quash an execution if it involves the question whether satisfaction is properly entered, it is a case proper for a court of equity. In Crawford v. Thurmond, 3 Leigh, 85, when an execution had been indorsed for the benefit of Crawford by Shroder, the owner of the judgment, and the judgment was satisfied of record by Shroder, a bill was filed

in equity by the debtor to enjoin the execution. It was objected that there was an adequate remedy at law by motion to quash. The court says, page 88: "Now I do not say that the county court sitting as a court of law, could not upon motion in a summary way try these questions; but I do say, that in that mode it could not have afforded a safe or available tribunal for the trial of them, as a court of equity upon regular pleadings and proofs. And this consideration, it will be recollected, forms one of the grounds of equity jurisdiction. But there is another and perhaps stronger ground. The indorsement of the execution for Crawford's benefit gave him nothing but an equitable right, which could have no weight in a court of law, belonged exclusively to a court of equity, and must finally have brought the cause there for a decision. It must be seen in the case at bar, that the questions involved are of such a nature as could not be tried summarily upon motion, certainly in not as safe and available a manner as in a court of equity. Besides, as to two of the judgments, the complainant has only an equitable right. The satisfaction entered on record must, as to all parties who stand in the situation of innocent purchasers for a valuable consideration, be deemed valid and effectual." 1 Johns. 560.

The judgment is not merely an evidence of indebtedness. It is a security upon the property, and to preserve this security the complainant is entitled to have the record of satisfaction annulled. This cannot be done by a court of law. In Wardell v. Eden, 2 Johns. Cas. 121, the supreme court of New York set aside the satisfaction of a judgment obtained therein, upon motion; but there was no question of fact involved in the case, and no necessity for such an examination of facts as would require the machinery of a court of equity. In Beebe v. Bank of New York, 1 Johns. 550, in considering the effect of such action as to subsequent creditors, the court of errors says: "The supreme court, in vacating the satisfaction of the judgment in Wardell v. Eden, exercised a jurisdiction until very recently within the acknowledged province of a court of equity alone." In Phillips v. Clagett, 11 Mees. & W. 84, the court says: "A court of law has no jurisdiction to set aside a release which is good in law." The act of congress relating to the jurisdiction of a court of equity is but declaratory of the then existing rule, and recourse is to be had to the principles of English equity, not to the laws of the state. Cases in Brightly, Fed. Dig. 283. In order to oust the jurisdiction, the remedy must be as plain, adequate, and complete at law as in equity. [Garrison v. Memphis Ins. Co.] 19 How. [60 U. S.] 312; [Boyce's Executors v. Grundy]. 3 Pet. [28 U. S.] 210; [Wylie v. Coxe] 15 How. [56 U. S.] 415; 1 Story, Eq. Jur. § 33; Olrichs v. Spain, 15 Wall. [82 U. S.] 222. The fact that the state laws give a legal remedy upon an equitable title does not oust the jurisdiction of the United States circuit court. Brightly, Fed. Dig. 283. The demurrer is overruled.

[This suit then went on until 1881, when a decree was rendered setting aside the "satisfactions" and reinstating the judgments. Case No. 6,255a. For another case bearing on this litigation, see 20 Fed. 15.]