## GOWDY v. GREEN.

### (Circuit Court, D. South Carolina. August 7, 1895.)

CONSTITUTIONAL LAW—AMENDMENTS 14 AND 15—JURISDICTION OF FEDERAL COURTS.

> The equity jurisdiction of the federal courts cannot take cognizance of a suit by a colored person, on behalf of himself and others similarly situated, against the officers of the state of which he and such others are citizens, to restrain such officers from acting under a statute of that state, claimed to violate Amend. Const. U. S. arts. 14, 15, by abridging or denying his right to vote, since he has an adequate remedy at law.

This is a bill by Joseph H. Gowdy against W. Briggs Green to restrain the performance of certain acts under the registration laws of the state. Bill dismissed.

Obran & Douglass, for complainant.

Wm. A. Barber, Atty. Gen., Edward McCrady, and Geo. S. Mower, for defendant.

GOFF, Circuit Judge. When the bill in this case was presented for my consideration I deemed it my duty to give the complainant an opportunity to demonstrate that he was entitled, as he claimed, to the relief he prayed for, and to the jurisdiction of this court in order to secure it. My views upon the questions presented by this bill were fully expressed in the opinion I filed in the case of Mills v. Green, 67 Fed. 818. I have given the opinion filed in said cause by the circuit court of appeals for this circuit at the May term of said court, 1895 (69 Fed. 852), and all the cases cited therein, my careful consideration and thorough examination; and I must be permitted to say, with all due respect, that I am unable to find the reason or the authority for and by which the injunction granted in that case

was dissolved, and the bill dismissed. I think that in the Mills case, as well as in this, the rights claimed by the respective plaintiffs as citizens of the United States, and of the state of South Carolina, have a property value of the highest and most sacred character, —of far greater value and importance than have commodities the values of which are measured by the number of pounds they weigh or the number of yards they contain. These rights, it is admitted, said plaintiffs are deprived of; but it is insisted that they have adequate remedies at law, and that equity, therefore, cannot entertain their complaints. I very much regret that the court of appeals did not indicate the character of the remedy at law alluded to in its said opinion. And I also regret that I am unable, after thorough investigation, to find it. I will not concede that it is proper to close the doors of the courts of the United States to their citizens who are complaining that they are deprived by the states of the rights and privileges guarantied to them by the constitution of the United States, and to advise them that they must seek the jurisdiction of the courts of the states for relief from the outrages imposed by the unconstitutional enactments of such states. I am advised that the full and complete opinion of the court of appeals is yet to be filed, and I indulge the hope that upon this point it will not leave us in doubt. In my judgment, such cases—under the rules distinguishing equity and law causes, applicable to the courts of the United States—should be especially heard on the equity side of such courts, for the reason that said courts are, among other things, established to determine controversies involving conflicts between state and federal constitutions and enactments, and for the further reason that in such cases there is no full and adequate remedy at law. It has been repeatedly held by courts of the United States that equity will interfere when the injury complained of is such that it cannot be fairly compensated for by damages, or if it is continuing or permanent in character. The following cases discuss this question, and indicate the course I have suggested: Mayer v. Foulkrod, 4 Wash. C. C. 349, Fed. Cas. No. 9,341; Gass v. Stinson, 2 Sumn. 453, Fed. Cas. No. 5,260; Brown v. Steamship Co., 5 Blatchf. 525, Fed. Cas. No. 2,025; Boyce's Executors v. Grundy, 3 Pet. 210; Wylie v. Coxe, 15 How. 415; Garrison v. Insurance Co., 19 How. 312; May v. Le Claire, 11 Wall. 217; Insurance Co. v. Bailey, 13 Wall. 616. The fact that there is a remedy at law is not of itself sufficient to deprive equity of jurisdiction, unless it also appears that the former is as complete and effectual as the latter. Bunce v. Gallagher, 5 Blatchf. 481, Fed. Cas. No. 2,133; Crane v. McCoy, 1 Bond, 422, Fed. Cas. No. 3,354; Sullivan v. Railroad Co., 94 U. S. 806; Morgan v. Beloit, 7 Wall. 613. The fact that state laws provide a legal remedy for wrongs committed does not deprive the federal courts of equity jurisdiction over the same in a proper case. Hay v. Railroad Co., 1 Hughes, 168, Fed. Cas. No. 6,254; Gordon v. Hobart, 2 Sumn. 401, Fed. Cas. No. 5,609; Bean v. Smith, 2 Mason, 252, Fed. Cas. No. 1,174. Nevertheless, while I entertain these views, my great respect for the circuit court of appeals, my desire to properly regard the judicial proprieties, and my duty to give due weight and authority to the decisions and opinions of the appellate courts of

the United States compel me—finding as I do that this case in its material allegations, its true scope and effect, is in fact similar to the Mills case, to which I have referred—to refuse the injunction asked for, and to dismiss the complainant's bill, and such a decree will be now entered.

I have not found it necessary to allude to the preliminary matters raised by defendant in his return to the rule to show cause, and do not propose now to discuss them, other than to say that I have found them without merit.