## TUTEWILER v. GUARDIAN LIFE INS. CO. OF AMERICA.

### No. 5667.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1930.

.Robert R. Milam, of Jacksonville, Fla. (Arthur Y. Milam, of Jacksonville, Fla., and E. T. McIlvaine, of Miami, Fla., on the brief), for appellant.

W. McL. Christie, of Fort Myers, Fla. (J. L. Doggett and J. L. Doggett, Jr., both of Jacksonville, Fla., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

FOSTER, Circuit Judge.

Appellant brought suit on a policy of $10,000 issued by appellee on the life of Paul R. Davis. The policy was dated March 1, 1927, and contained a clause making it incontestable after one year. The insured died October 28, 1927, within the contestable period. Appellee defended on the grounds that the insured had made false answers to material questions amounting to warranties in the application, in which he stated that he had not consulted or been treated by any physician within five years before the application and had not had syphilis, whereas in truth he had consulted a physician and had been treated for syphilis between February 23, 1922, and February 23, 1927, the date of his application. At the close of the evidence a verdict was directed for defendant, appellee. Error is assigned to that action of the court.

The testimony of Dr. Dean, which is in the record in full, shows that he had treated Davis professionally for syphilis many times during the five years preceding the application for insurance. Dr. Dean was not contradicted by other witnesses and no attack was made upon his reputation for veracity. Appellant relies upon inconsisten-

cies alleged to have occurred in the course of his testimony, under cross-examination. We have considered the testimony of Dr. Dean fully and do not find any inconsistencies that would tend to impeach his testimony as a whole.

There was evidence tending to show the materiality of the statements by the insured and that had it been disclosed to the appellee that Davis had been treated by Dr. Dean for syphilis the policy would not have been issued.

There is evidence in the record tending to show that when examined for the policy Davis' reflexes reacted normally, which would indicate the absence of syphilis. This might create a doubt as to his having had syphilis, but, on the other hand, it might indicate that Dr. Dean's treatment had so far improved his condition that these symptoms had disappeared. It would be immaterial whether Dr. Dean was mistaken in his diagnosis. If he honestly believed Davis was suffering from syphilis and had treated him accordingly, and Davis concealed that fact in his application, the fraud would vitiate the policy. Furthermore, it was just as material and as much a breach of warranty to conceal the fact that he had been treated at all by any physician within five years. Had he answered that question truthfully, and there is no doubt that his answer was false, the insurer would have been put upon inquiry and the slightest investigation would have disclosed the true facts. This would have inevitably led to the rejection of the application.

It is also urged that the statement of the insured made in his application is entitled to verity and, as its truthfulness was impeached only by the testimony of Dr. Dean, that the case should have gone to the jury. We cannot agree with this. Davis was a practicing osteopath. He must have known that he had consulted a physician, and he must have known that he was being treated for syphilis. His application was a self-serving declaration and entitled to very little, if any, weight in view of the fact that the policy would have become incontestable within one year and he had reached the age of 55, after which time insurance would necessarily become more difficult to procure. It is shown that Dr. Dean was a close friend of Davis. Under all the circumstances it is hardly possible that any jury of reasonable men would have found in favor of the plaintiff on the evidence in the record. Had they done so the judge would have been justified in setting aside the verdict and granting a new trial. In such circumstances it is well settled that it is the duty of the court to direct a verdict.

We think fraud on the part of the insured is sufficiently shown to justify the action of the court in directing a verdict for defendant. N. Y. Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241; Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202.

The record presents no reversible error. Affirmed.