### PEORIA LIFE INS. CO. v. HAENELT.

### No. 395.

District Court, S. D. Texas, at Houston.

Dec. 31, 1930.

Fred R. Switzer, of Houston, Tex., for plaintiff.

E. B. Colgin, of Houston, Tex., for defendant.

HUTCHESON, District Judge.

This is an action by the insurer to cancel for false representations made in the application for insurance two policies each for the sum of $5,000, issued under date of April 16, 1929, upon the life of Roy Robert Haenelt, now deceased. The assured died shortly after the policies were written; the assigned cause of death being heart failure.

It is claimed that the assured, under the statement, "I hereby declare the following statements and answers to be true without evasion or concealment," answered falsely with respect to his having previously applied and been examined for insurance without receiving a policy, as to whether he had symptoms of or had been treated for high blood pressure, as to whether any physician had treated or prescribed for him, as to whether he had any symptoms of disease of the heart.

The plaintiff proved without contradiction that one Williams, who as broker effected the insurance in question here, had prior thereto solicited the assured to write a policy with the American National Insurance Company, and had caused assured to be examined; that Dr. Gooch, who examined the assured in connection with the application, had discovered and advised the assured of

a condition of very high blood pressure, and had advised him to consult a physician; that assured did so, consulting Dr. Taylor. Dr. Taylor testified to having found Haenelt suffering from disturbed heart conditions, hypertrophy, and high blood pressure; that he told Haenelt of such finding and had prescribed a diet and rest for him; that assured had come to Dr. Taylor's office three times during January, 1929, less than three months before the policy was applied for, and during these visits Dr. Taylor had advised and counseled with him about his condition.

The proof also showed that, because of the adverse finding of Dr. Gooch, the agent did not complete the application in the American National Insurance Company, but let the matter drop then, later taking up with assured writing him in the plaintiff company, which resulted in the issuance of the policies in question.

The evidence further shows that Dr. Florence, medical examiner for plaintiff company, had been advised and had in fact seen the adverse findings of Dr. Gooch, and I find that Williams, the broker, Stamps, the state manager, and Florence, the medical examiner, all had knowledge of the prior examination and the failure to complete the application for insurance with the American National Insurance Company.

I find, however, that the assured did not tell Dr. Florence of his visits to Dr. Taylor, or of Dr. Taylor's findings or treatment, nor did he tell him of the fact that in December, 1928, he had had a fractured rib which had been bandaged by Dr. Brokaw.

The defendant opposes the claim for cancellation on the grounds (1) that plaintiff company cannot avail itself of the claimed misrepresentations as to the Gooch examination as a defense, because the representatives of plaintiff were fully advised of this matter, and in fact engineered the whole transaction; and (2) that these representations and the others relied upon were not false, or, if false, were not material.

To these contentions plaintiff replies that the case is ruled by Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 680, 60 L. Ed. 1202, Keeton v. Jefferson Standard Life Ins. Co. (C. C. A.) 5 F.(2d) 183, and Adler v. New York Life Ins. Co. (C. C. A.) 33 F.(2d) 827; that, the misrepresentations as to the prior examination aside, the other representations, as to which there is no claim that they were known to the agents of the company, were false and ma-

terial, citing N. Y. Life Ins. Co. v. Hunter (C. C. A.) 32 F.(2d) 173; Mutual Life Ins. Co. v. Hurni Packing Co. (C. C. A.) 260 F. 641; N. Y. Life Ins. Co. v. Price (C. C. A.) 16 F.(2d) 660; N. Y. Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241; Tutewiler v. Guardian Life Ins. Co. (C. C. A.) 42 F.(2d) 208; Haddad v. N. Y. Life Ins. Co. (C. C. A.) 42 F.(2d) 651; Equitable Life Assur. Co. v. Schwartz (C. C. A.) 42 F.(2d) 646; Manley v. Pacific Mutual Life Ins. Co. (C. C. A.) 35 F.(2d) 337.

I agree with plaintiff on both of these propositions. Upon the first point, the evidence plainly shows that the case falls within the mischief and is governed by the decision in the Hilton-Green Case.

Here an insurance agent, having endeavored to write plaintiff in the American National Insurance Company, and having, because of a seriously adverse report by its medical examiner, Dr. Gooch, found it impossible to complete the policy there, undertook to get the assured by in another company, by consulting another examiner, and, though he and the medical examiner knew of the other adverse report, they withheld that information from the company. There the court said:

"The general rule which imputes an agent's knowledge to the principal is well established. The underlying reason for it is that an innocent third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest. But this general rule does not apply when the third party knows there is no foundation for the ordinary presumption,— when he is acquainted with circumstances plainly indicating that the agent will not advise his principal. The rule is intended to protect those who exercise good faith, and not as a shield for unfair dealing. * * * The assured at the least consciously permitted an application containing material misrepresentations to be presented by subordinate agents to officers of the insurance company under circumstances which he knew negatived any probability that the actual facts would be revealed."

The record here presents a case of an insurance solicitor over eager to write a policy, procuring an examination which disclosed the presence of very serious conditions, and thereafter switching the application to another company, and another examiner, without advising the new company of the adverse report.

I do not find that the evidence supports a finding of any deliberate attempt to deceive on the part of Haenelt, but it is perfectly plain that Williams engineered the whole matter with the intention of avoiding a disclosure to the company of the prior adverse report, and that Haenelt acted under his direction and advice and became, though not an active, at least a silent, party to the suppression of the truth.

█ These questions aside, however, the proof shows that the other answers relied on by the company for cancellation were equally false and material, and that the true facts as to these were not communicated to or known by any representative of the plaintiff company.

It follows that the plaintiff is entitled to the cancellation of the policies and should have the decree prayed for.