**MASSACHUSETTS MUT. LIFE INS. CO. v. HESS et al.**

**No. 821.**

District Court, M. D. Pennsylvania.
April 15, 1932.

R. S. Hemingway, of Bloomsburg, Pa., and John F. Handy, of Springfield, Mass., for plaintiff.

H. Montgomery Smith, of Bloomsburg, Pa., for defendants.

JOHNSON, District Judge.

The issue now before the court is presented by a bill in equity for the cancellation and rescission of a life insurance policy on the ground of fraud, false statements, and false representations alleged to have been made by the deceased in his application to the insurance company. The facts as set forth in the bill of complaint are alleged to be as follows:

On June 27, 1930, Harry J. Arnold signed an application for life insurance with the plaintiff company in the sum of $5,000, and on July 3, 1930, the policy was delivered to him by the company for this amount. Two quarterly premiums were subsequently paid, amounting to $64.10. At the time of executing the application for this insurance the insured made false statements and representations relative to medical advice that he had received during the previous five years concerning the disease for which such advice was sought, and also as to his insurability. The insured died on January 4, 1931, of a diabetic condition of which he was suffering for several months prior to the date of execution of the application for insurance. At the time of the application and the delivery of the policy, the plaintiff company was not aware of the insured's physical condition and did not discover these facts until a few weeks after his death; otherwise the company would not have issued the policy in suit. The policy also contained the following incontestability clause: "This policy shall be incontestable, except for non-payment of premiums, after it has been in force during the life time of the insured for a period of one year from its date of issue, otherwise two years from its date of issue."

On June 19, 1931, the plaintiff, after learning the cause of the insured's death, filed a bill in equity in this court for the cancellation and rescission of the policy and praying that a temporary restraining order be issued, restraining and enjoining the defendants, beneficiaries under the terms of the insurance policy, from prosecuting any claim or instituting any action at law under the policy. At the hearing before this court on the tem-

porary restraining order, counsel for defendants filed a motion to transfer this case to the law side of the court for further proceedings in like manner as if the defendants in this suit had brought an action in assumpsit against the plaintiff on the insurance policy and the parties so to formulate their pleadings as to create a proper issue for submission to a jury, in which issue the defendants in this case should be the plaintiffs and plaintiff in this case should be the defendant, assigning therefor two reasons: "First, that the plaintiff has a full, complete and adequate remedy at law and, second, that the court is without jurisdiction to grant the relief prayed for." There was also attached to the motion a disclaimer and waiver by the defendants of the provisions of the incontestability clause.

No testimony was taken on the merits of the case, and argument was confined by counsel to the motion to transfer the case to the law side of the court.

The counsel for the defendants has cited the case of Prudential Ins. Co. v. Stanulonis, 11 Pa. Dist. & Co. Ct. R. 201, as authority for the proposition submitted by him to transfer this case to the law side of the court. This case was decided by the court of common pleas of Schuylkill county, Pa., under the practice in that court, but there appears to be no authority for such procedure in the federal courts.

Section 274a of the Judicial Code (28 USCA § 397) provides, as follows: "In case any United States court shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the plead-

ings had been originally in the amended form."

In the case of Proctor & Gamble Co. v. Powelson (C. C. A.) 288 F. 299, 307, the court held that: "The purpose of section 274a was to obviate a new action or suit merely because the litigant had brought his suit on the wrong side of the court. This section did not mean to confer the power upon the court of transferring the cause from law to equity or equity to law, as the case might be, where so to do would require setting up an entirely different cause of action and supporting the same by an entirely different character and subject-matter of proof. The words 'to conform them to the proper practice' are significant, because they indicate that Congress was dealing with a practice question, and what the Congress was endeavoring to accomplish was the avoidance of a second trial where the cause of action set up, the testimony adduced in support thereof, and the relief sought indicated that the action or suit had been brought on the wrong side of the court; but we are satisfied that this useful and remedial statute was not intended to empower the court to transfer the cause, where in order to bring it into the law or equity side, as the case might be, it would be necessary to plead an entirely different cause of action, supported by testimony wholly or in part different, and where the judgment or decree to be obtained would thus rest upon entirely different pleadings and substantially different testimony."

In the case at bar, the defendants are asking that an entirely different cause of action be set up and the parties to the bill in equity be reversed. The court is without power to grant this motion to transfer the case to the law side of the court, and the petition must be dismissed.

And now, April 15, 1932, the motion filed by the above-named defendants to transfer this suit to the law side of the court is hereby dismissed, and the defendants are allowed twenty days from the date of the filing of this opinion within which to move for the vacation of the temporary restraining order or to file an answer on the merits of the bill of complaint.