## PHILLIPS–MOREFIELD et al. v. SOUTHERN STATES LIFE INS. CO. OF ALABAMA.

### No. 6701.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1933.

H. C. Tillman and Pat Whitaker, both of Tampa, Fla., for appellants.

Geo. P. Raney, of Tampa, Fla., and Shepard Bryan, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Clarence E. Phillips obtained a policy of life insurance in the amount of $10,000 from the Southern States Life Insurance Company of Alabama, appellee, payable to his wife as beneficiary. The policy was issued on July 29, 1925, and contained the usual clause making it incontestable after two years, and a provision for double indemnity, in the event the insured should die from violent, external, and accidental causes before reaching 60 years of age. The policy further provided that, if the insured should die before July 29, 1933, all premiums paid would be refunded, that, in case of permanent disability by injury before the insured reached the age of 60 years, he should receive $100 monthly, and that loss of sight of both eyes would be considered permanent disability. Phillips died from natural causes on February 14, 1926. He was 50 years of age when the policy issued. The insurance company declined payment and tendered the premium that had been paid.

On July 20, 1926, within the contestable period, the beneficiary brought suit in a state court to recover on the policy. Subsequently she remarried. The suit was removed to the District Court, and in defense the insurance company filed an equitable plea alleging substantially that, in the application for insurance, made a part of the policy, the insured had made material false representations in having untruthfully answered "No" to the following questions: "(1) Have you consulted a physician or any practitioner for examination, treatment, or advice within the past five years? (2) Have you ever received any severe injury or undergone any surgical operation? (3) Are you deformed, maimed, or crippled in any way? (4) To what extent do you use alcoholic liquors? (5) How long have you drank to this extent? (6) Have you been intoxicated during the past five years?" A motion to dismiss the equitable plea was overruled, and plaintiff filed a replication denying that the answers in the application were false and denying that they were material to the risk. There were various rulings on the pleadings.

The witnesses were heard before the judge, and in due course he found the facts, in substance, as follows: Prior to the appli-

cation for the policy the insured had received a severe injury. In 1902, while working on a boiler, a piece of metal accidentally striking him in the left eye caused loss of sight in that eye, and the eye was blind when the application was made. Prior to the application, he habitually, periodically, used alcoholic liquors to excess, during the years 1920, 1921, 1922, and until the fall of 1923; that he became intoxicated from the excessive use of intoxicating liquors about every six months, more or less; that his sprees sometimes lasted for four or five days; that he was intoxicated about one year before the issuance of the policy and was on a spree shortly before his death; that the information sought to be elicited from the applicant by the questions untruthfully answered was necessarily within his knowledge; that he must have known that his answers were untrue at the time he made them; that the company relied upon the truthfulness of the answers in issuing the policy and only learned of their falsity after the death of the insured. Judgment was entered in favor of the insurance company, appellee, decreeing cancellation of the policy. This appeal followed.

■ There are some twenty-four assignments of error. The first fifteen run to rulings on the pleadings. It is hardly necessary to review these assignments in detail, as the whole case is before us on the facts. However, we may notice the following: In the amended replication appellant set up, in substance, that, if Phillips had been treated by a physician or other practitioner, it was for some trivial ailments, which were considered by the insured and the examining physician as minor and unimportant; that the extent to which he used intoxicating liquors was discussed with and known to the general agent of the insurance company and examining physician; that the answers to the questions were written by the physician as the agent of the insurance company; and therefore the insurance company was informed of all the facts connected with said questions and answers. As the district judge made no findings regarding treatment by a physician prior to the application, that may be passed as unimportant. With regard to the contention that the general agent and examining physician had actual knowledge of the extent to which the insured used intoxicating liquor, it is sufficient to say that they were not the agents of the insurance company for the purpose of perpetrating fraud upon it. Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202, and the insured was bound by his representations that his answers were truthful, notwithstanding any knowledge the agent and physician might have had aliunde the application. The other assignments run to the findings and conclusions of the judge and may be conveniently considered together.

■ We will not review the evidence. It is sufficient to say that we agree with the conclusions of the District Court on the facts. The false representations in the application were very material to the risk, and the insured was guilty of constructive fraud sufficient to warrant the cancellation of the policy. Tutewiler v. Guardian Life Ins. Co. (C. C. A.) 42 F.(2d) 208; Equitable Life Assur. Soc. v. Schwartz (C. C. A.) 42 F.(2d) 646.

■ The principal contention of appellant is that the equitable plea was improperly allowed, on the ground that the defenses set up therein could have been urged at law. Therefore the insurance company had an adequate remedy at law, and, by maintaining the plea, she was deprived of a trial by jury. In support of this appellant relies upon the cases of N. Y. Life Ins. Co. v. Marshall, 23 F.(2d) 225, decided by this court, and Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501. Those cases may be easily distinguished. In each case it appeared that a separate bill in equity had been filed for the cancellation of a life insurance policy, and there was an action at law pending on the policy. It was held that the grounds for cancellation of the policies alleged in the bills could be urged in defense in the pending suits at law. The bills were dismissed on the ground that the insurance companies had an adequate remedy at law. The situation is different when an equitable defense is interposed in an action at law, under the provisions of the Act of March 3, 1915, adding section 274b to the Judicial Code (28 USCA § 398). In the leading case of Liberty Oil Co. v. Condon National Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232, it was pointed out by the Supreme Court that the statute brought about a consolidation of law and equity in one action in the federal courts, similar to the practice under various state codes, without at all changing the principles applicable to an action at law or in equity. And it was held that the equitable issues raised should be first disposed of as in a court of equity, and then, if an issue at law remained, it was triable to a jury; therefore the right of trial by jury guaranteed by the Seventh Amendment was not infringed.

Appellee had the right to file the equitable plea. The judgment of the District Court maintaining it was correct.

Affirmed.