## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. HARTMAN.

### No. 1017.

District Court, N. D. Oklahoma.

April 6, 1935.

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, Okl., for plaintiff.

Conner & Winters, of Tulsa, Okl., for defendant.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted for the cancellation of three policies of insurance for disability from bodily injury or from sickness, the recovery of the sums theretofore allegedly mistakenly paid the respondent, the restraining of respondent from commencing or proceeding in any further action against complainant upon the policies, and for enjoining the respondent from asserting any claims against the complainant on account of the policies of insurance.

On the day following the date of service of subpœna upon the respondent in this suit, he instituted an action in the district court of Tulsa county, Okl., against complainant herein, seeking the recovery of $750 alleged to be due under the policies on account of his total disability. Upon application of complainant, a restraining order has been issued, directed to the respondent, restraining him from proceeding with the action in the state court. A response was filed in

the application for restraining order, in which respondent alleges that he had assured complainant that no action would be brought for recovery under the policies until it had been determined that complainant and respondent were unable to amicably adjust the controversy, and seeks to set up thereby that there is no danger of multiplicity of actions, and further that the matters and things described in complainant's bill will be determined in the action pending in the state court, and that complainant has an adequate remedy at law. Respondent has interposed a motion for the transfer of this cause to the law docket, and the case comes on for a consideration of that motion.

The bill of complaint alleges that on June 5, 1928, complainant issued to respondent a certain policy of insurance providing for the payment of $125 per month against disability from bodily injury or through accidental means, or disability resulting from sickness during the period when such disability was continuous and resulted in necessary and total loss of all business time, excepting the first three months. It further alleged that respondent agreed in the written application, as part of the consideration of the policy, that the falsity of any statement in the application, materially affecting either the accepting of the risk or the hazard assumed thereunder, or if made with intent to deceive, should bar his right to recover under the policy. The policy of insurance contained a similar provision. The bill alleges that prior to the signing of the application and the issuance of the policy, the insured had had serious and dangerous impairment of his health, in that he had suffered from epilepsy of the grand and petit idiopathic type, and that complainant did not know of such impairment until shortly prior to December 17, 1934, at which time it notified respondent of its intention to rescind the contract, and tendered to the respondent all premiums theretofore paid, together with 6 per cent. interest thereon. The bill further states that respondent made claim for benefits, claiming to be suffering from epilepsy, and that complainant, before discovering the falsity of the answers in his application, had paid the respondent, because of such disability under the policy, the sum of $4,191.65, for which it prayed recovery with interest thereon. The bill further charged that respondent falsely answered certain questions in the application, and that the answers were untrue, false, and fraudulent, and that such false answers and statements materially affected the acceptance of the risk and the hazard assumed by complainant, and that if complainant had known of the falsity of such answers at the time of such application, the policy would not have been issued. The bill seeks the rescission of the policies for these misrepresentations as being fraud in equity even though not knowingly or willfully false, or made with intent to deceive. The bill further charges that the representations and answers made by respondent in the application were false and were made with intent to deceive, having been knowingly made by respondent.

The second cause of action relates to another policy of insurance issued on January 31, 1929, providing for the payment of $75 per month for disability resulting in continuous necessary and total loss of all business time. The other allegations in the bill with respect to the second cause of action are practically identical with those relating to the first policy in the suit, and the relief sought is the same as in the first cause of action.

In the third cause of action, complainant seeks the cancellation of a third policy of insurance issued April 6, 1930, providing for the payment of monthly benefits of $50 per month for disability consisting of continuous necessary and total loss of all business time. The other allegations are the same as in the first and second causes of action, and cancellation of the policy is sought, as well as the recovery of benefits previously paid under the policy. Neither of the three policies of insurance contain incontestability clauses; none of the policies provide for death benefits, and there is no beneficiary named in any of the policies.

The question for determination is whether this suit should be transferred from the equity to the law side of the court. A consideration of the question involves more than merely determining whether complainant has an adequate remedy at law upon the policies of disability insurance; it involves a consideration of the jurisdiction of equity in cancellation suits. The applicable equity rules and statutory provisions are as follows:

Equity Rule 22 (28 USCA § 723), which provides: "If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

Equity Rule 23 (28 USCA § 723) is as follows: "If in a suit in equity a matter ordinarily determinable at law arises, such matters shall be determined in that suit according to the principles applicable, without sending the case or question to the law side of the court."

Section 274a of the Judicial Code (28 USCA § 397) provides: "In case any United States court shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form."

If this suit is properly on the equity side of the court, Equity Rule 22 and the cited provisions of the Judicial Code have no application herein. Equity Rule 23 is applicable if the suit is a proper one for a court of equity, in that complainant may seek the recovery of the sums paid out by it under the policies, without sending the case to the law side of the court. The cited provisions lend no aid in determining whether the case should be transferred to the law side of the court; they merely make provision for a case after that question is determined.

This very question has had the attention of a District Court in Pennsylvania, and it was held that the motion to transfer to the law side of the court should be dismissed. The reason upon which the court dismissed the motion is that the defendant asked that an entirely different cause of action be set up and the parties to the bill in equity be reversed. See Massachusetts Mutual Life Insurance Co. v. Hess (D. C.) 57 F.(2d) 884. It is obvious that that court proceeded upon the theory that the purpose of the motion was to permit the respondent in the equity suit to assert his claims under the policy on the law side of the court, and that the complainant therein, the insurer, should defend against the claims at law and assert its defenses thereto. Such proceedings would be an entire change in the cause of action sued upon. However, in the instant case, complainant seeks the recovery of sums it paid to the respondent before discovering the alleged falsity in the answers in the application, upon which the policies were issued; but this should not render the cited case inapplicable, because it is incidental to the primary relief of cancellation, and conditioned upon it. In the instant case, an action at law was instituted in the state court to recover $750 alleged to have been due under the policies on account of total disability of the respondent, and this action was instituted as heretofore pointed out on the day following the service of subpœna issued out of this court upon the respondent. The cited case strongly supports the contention of complainant that the motion to transfer should be dismissed.

A consideration of the applicable principles of law compels me to conclude that the motion to transfer the case to the law side of the court should be overruled. The primary object of this suit is to cancel the three insurance policies described in the bill. The success or failure in this effort largely determines complainant's right to the other relief sought, to wit, the recovery of the money paid by it under the policies before discovery of the alleged misrepresentations, and the injunction. Suits for cancellation are among the most ancient and familiar subjects of equity jurisdiction. It is unnecessary to cite authorities in support of this well-established proposition. It is equally well established that equity will not lend its aid if a litigant has an adequate remedy at law. It is also well settled that a court of equity first exercising jurisdiction concurrent with the court of law will enjoin legal proceedings, if the remedy at law be inadequate, and where such legal proceedings would defeat or impair the jurisdiction of the court first entertaining equitable jurisdiction. See Brown v. Pacific Mutual Life Insurance Co. (C. C. A.) 62 F.(2d) 711. It is conceded by respondent that if this action is maintainable in equity, complainant is entitled to a restraining order, restraining respondent from proceedings in the state court for the recovery of the sums alleged to be due under the policies on account of his total disability.

If complainant has an adequate remedy at law, equity will not afford relief; complainant, in such a case, will be required to resort to a court of law.

The right to maintain a suit in equity to cancel a contract of insurance, because of false representations made by the insured

to obtain its execution, where there is no adequate remedy at law, has been upheld in a number of cases. See New York Life Insurance Co. v. Miller (C. C. A.) 73 F. (2d) 350, 355; Phillips-Morefield v. Southern States Life Insurance Co. (C. C. A.) 66 F.(2d) 29; Brown v. Pacific Mutual Life Insurance Co. (C. C. A.) 62 F.(2d) 711; New York Life Insurance Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 73 A. L. R. 1523; Equitable Life Assurance Society v. Schwartz (C. C. A.) 42 F.(2d) 646; Lincoln National Life Insurance Co. v. Hammer (C. C. A.) 41 F.(2d) 12; New York Life Insurance Co. v. Hurt (C. C. A.) 35 F.(2d) 92; Adler v. New York Life Insurance Co. (C. C. A.) 33 F.(2d) 827. In considering the above cases and others, the Circuit Court of Appeals for the Eighth Circuit, in New York Life Insurance Co. v. Miller, supra, stated: "The right to maintain such a suit, as illustrated by the cases cited, often arises from the fact that a defense at law in an action on the policy may be lost to the insurer, because of the uncertainty when a loss may occur, the danger that witnesses may disappear, or because the policy will become incontestable after a limited period unless such a suit is begun by the insurer." However, in the cited case, the action had been begun and the insurance company had filed its answer and cross-bill before the incontestable period had expired, and the contest having been instituted within the time limit, the insurance company was not entitled to equitable relief.

The United States Supreme Court, in Enelow v. New York Life Insurance Co., 293 U. S. 397, 55 S. Ct. 310, 79 L. Ed. ——, considered a case in which an action at law had been instituted upon a policy of life insurance, after the death of the insured. The action was removed from the state to the federal court. The policy contained a provision that it should be incontestable after two years from date of issue. The defense interposed was that the policy had been obtained by means of false and fraudulent statements in the application, and that such answers were made by the applicant with knowledge of their falsity and fraudulently, for the purpose of procuring the policy. The insurance company tendered judgment for the premiums received by it, with interest, and prayed for the cancellation of the policy. The respondent then presented a petition asking that the equitable issue raised by the affidavit of defense should be heard by a chancellor, according to equity procedure, in advance of a trial by a jury at law of any purely legal issue. The question there presented was whether the defense set up by the defendant was of such a nature that the defendant was entitled to have it heard and determined in equity, and to enjoin the proceedings at law, pending that determination. The Supreme Court announced that the test is whether the defendant could have maintained a bill in equity on the same averments, and decided that the summary procedure for trial of the equitable issues in advance of the legal issues cannot aid the defendant when a bill for the same relief would not lie, because, it announced, the defense is one which is completely available in the action at law. The test employed was whether or not, after the beneficiary under the policy had instituted an action to recover because of the death of the insured, the insurance company could maintain a suit in equity for the cancellation. The Supreme Court, in effect, held that such an equitable proceeding could not be maintained. It should be noted that the fraud pleaded was that the answers were made with knowledge of their falsity, and fraudulently for the purpose of procuring the insurance. This constituted an allegation of legal fraud, and as the action for the recovery under the policy had been instituted within the incontestable period, and the insurance company had set up the defense of fraud, an adequate remedy at law was presented and there could be no relief in equity. It is to be here observed that the Supreme Court stated in the cited case that it was not a case in which there was resort to equity for the cancellation of the policy during the life of the insured and no opportunity existed to contest liability at law, and the court further pointed out that it was not a case where, although death may have occurred, action had not been brought to recover upon the policy, and equitable relief was sought to protect the insurer. against loss of its defense by the expiration of the period in which the policy, by its terms, was to become incontestable. The Supreme Court clearly recognized the power of a court of equity to cancel a policy during the life of an insured where no opportunity existed to contest liability at law, and further recognized the power of equity to entertain jurisdiction to cancel a policy of insurance, where death had occurred, but where the action had not been brought to recover upon the policy, and the insurer was in need of protection against loss of the de-

fense by the expiration of the period after which the policy by its terms should become incontestable. The sole question for determination here is whether complainant has an adequate remedy at law, or had such a remedy at the time of the institution of this suit, and whether this case comes within the exceptions commented on by the Supreme Court in the Enelow Case. The remedy at law must be plain, adequate, and complete, and a mere existence of a remedy at law, which is incomplete or inadequate, will not deprive a court of equity of its jurisdiction. See Massachusetts Protective Association v. Stephenson (D. C.) 5 F. Supp. 586; Risty v. Great Northern Railway Co., 270 U. S. 378, 46 S. Ct. 236, 70 L. Ed. 641, 642; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341.

■ The allegations of complainant's bill describe policies of insurance providing for payments for disability from bodily injury or from sickness; they are not life insurance policies; they have no designated beneficiary, but the proceeds of the policies are payable to the insured. The policies do not have an incontestable period, and this is not a case similar on its facts to either Enelow v. New York Life Insurance Co., supra, or New York Life Insurance Co. v. Miller, supra. It is a suit for cancellation because of false answers made in the application which induced the execution and delivery of the policies. The bill pleads the time when complainant ascertained the falsity of the answers, and pleads as grounds for cancellation, legal fraud, as well as equitable fraud. In other words, it pleads that the answers were falsely made, which in equity constitutes grounds for cancellation; it also pleads that such answers were made by the insured with knowledge of their falsity, which constitutes legal fraud. There is a difference in the allegations, in that if a contract was obtained by misrepresentation, however honestly made, it cannot stand. Thus it is immaterial, in an equitable suit for cancellation, whether the false representation, inducing the execution of the contract, was made with knowledge of its falsity, or was made with an honest belief that it was true. See Hindman v. First National Bank (C. C. A.) 112 F. 931, 57 L. R. A. 108; Woods-Faulkner & Co. v. Michelson (C. C. A.) 63 F.(2d) 569; Fay v. Hill (C. C. A.) 249 F. 415; City of Omaha v. Venner (C. C. A.) 243 F. 107; Herschberg-

er v. Woodrow-Parker Co. (C. C. A.) 275 F. 908; New York Life Insurance Co. v. Marotta (C. C. A.) 57 F.(2d) 1038; Franco v. New York Life Insurance Co. (C. C. A.) 53 F.(2d) 562. However, legal fraud includes equitable fraud; it is more extensive because in addition to equitable fraud, it contains knowledge of the falsity. It is unnecessary to base the determination of the motion pending before the court upon whether legal or equitable fraud is set forth, because the source of equitable jurisdiction in the case is cancellation.

■ In my opinion the determining question of equity jurisdiction in this case is the fact that complainant does not have an adequate remedy at law. At the time of the institution of this action, no suit was pending against it upon the policy, and it was in danger of losing its defense of fraud by laches in equity, or limitations at law. The insurer could not have sat idly by with knowledge of the fraud and not have taken action within a reasonable time after its discovery, or within the period prescribed in the statute of limitations, and have had such a defense available. Respondent was not required to institute an action for recovery under the policies, but could have remained inactive until laches and limitations had cut off the defense of fraud. Limitations upon a recovery on a policy of insurance or a written contract are greater in length of time than the period provided within which fraud may be asserted after its discovery; respondent could have remained inactive until the insurer's defense of fraud had been barred, and then could have instituted action upon the policies. Thus, complainant was required to institute an action in order to avail itself of the defense of fraud. This alone confers jurisdiction in equity, and brings this case within the exceptions noted by the Supreme Court in Enelow v. New York Life Insurance Co., supra. The fact that an action has been instituted in the state court subsequent to the filing of this suit in equity will not deprive this court of its jurisdiction. See Brown v. Pacific Mutual Life Insurance Co., supra. Nor will equity be deprived of jurisdiction because complainant seeks the recovery of the sums it alleges it paid to respondent before the discovery of the alleged fraud. This is dependent upon cancellation of the policies of insurance, and provision is made in Equity Rule 23 for it.

There is want of an adequate remedy at law, in that in an action at law, the insurer

may successfully defend against a suit upon the ground of no permanent disability, as well as upon the ground of fraud. If the former was found as the reason for denial of a recovery to an insured, the issue of fraud would not have been decided, and insurer may be subjected to other actions thereafter.

It is therefore my opinion, since no action had been instituted against complainant for recovery under the policies at the time of the institution of this suit, that complainant was without an adequate remedy at law, that the institution of the suit in the state court does not afford complainant an adequate remedy, and that this suit is maintainable in equity. Respondent's motion to transfer to the law side of the court is overruled and denied.