Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Policies of life insurance are governed, in some respects, by different rules of construction from those applied by the courts in case of policies- against marine risks or policies against loss by fire.
 

 Marine and fire policies are contracts of indemnity', by which the claim of the insured is commensurate with the damages he sustained by the loss of, or injury to, the prop
 
 *619
 
 erty insured. Such being the nature of the contract, it is clear that an absolute sale of the property insured, prior to the alleged disaster, is a good defence to an action on the policy, as the insured cannot justly claim indemnity for the loss of, or injury to, property in which he had no insurable interest at the time the loss or injury occurred.
 

 Life insurances have sometimes been construed in the same way, but the better opinion is that the decided cases which proceed upon the ground that the insured must necessarily have some pecuniary interest in the life of the
 
 cestui qui vie
 
 are founded in an erroneous view of the nature of the contract, that the contract of life insurance is not necessarily one merely of indemnity for a pecuniary loss, as in marine and fire policies, that it is sufficient to show that the policy is not invalid as a wager policy, if it appear that the relation, whether of consanguinity or of affinity, was such, between the person whose life was insured and the beneficiary named in the policy, as warrants the conclusion that the beneficiary had an interest, whether pecuniary or arising from dependence or natural affection, in the life of the person insured.
 
 *
 

 Insurers in such a policy coutraet to pay a certain sum, in the event therein specified, in consideration of the payment of the stipulated premium or premiums, and it is enough to entitle the insured to recover if it appear that the stipulated event has happened, and that the party effecting the policy had an insurable interest, such as is described, in the life of the person insured at the inception of the contract, as ¡he contract is not merely for an indemnity, as in marine and fire policies.
 

 Two policies for insurance upon the life of Albert Bailey, the husband of the appellee, were issued by the appellants, and made payable to the appellee in ninety days after due notice and proof of the death of tire husband. He died on the eleventh of October following, and due notice of that
 
 *620
 
 event was given to the appellants by the appellee, to whom the sums insured, amounting to ten thousand dollars, were payable, but they refused to pay the same, upon the ground that the policies were obtained by fraudulent misrepresentations and by the fraudulent suppression of material facts. They not ouly refused to pay the sums insured, but instituted the present suit in equity to enjoin the appellee from assigning or in any tnamier disposing of the policies, and also prayed that she might be compelled by the decree of the court to deliver up the policies to be cancelled, and for further relief. Process was issued and served and the respondent appeared and answered, denying all the charges set forth in the bill of complaint, and alleging that the complainants were bound to pay her the entire sums insured íl the respective policies. Proofs were taken on both sides, and the cause having been duly transferred to the general term, the parties proceeded to final hearing, and the Supreme Court of the District entered a decree dismissing the bill of complaint with costs, but without prejudice, and the complainants appealed to this court.
 

 Fraudulent misrepresentations and the fraudulent suppression of material facts are the principal grounds alleged for the relief prayed in the bill of complaint, and it must be conceded that the proofs introduced by the complainants tend strongly to support the allegations which contain those charges. Those allegations in the bill of complaint are denied in the answer, aud the respondent has introduced proofs in support of those denials, but it is not going too far to say that the weight of the evidence, as exhibited in the record, is adverse to the pretensions of the respondent, nor does it appear that any different views were entertained by the subordinate court. Grant all that, and still it does not follow that the decree iu the court below is erroneous, as the bill of complaint may well have been dismissed upon grounds wholly disconnected from the merits of the controversy.
 

 Suits in equity, the Judiciary Act provides, shall not be sustained in either of the courts of the United States in any case where plain, adequate, and complete remedy may be
 
 *621
 
 had at law, and the same rule is applicable where the suit is prosecuted in the Chancery Court of this District.
 
 *
 

 Much consideration was given to the construction of that section of the Judiciary Act in the case first referred to, and also to the question whether a party seeking to enforce a legal right could resort to equity in the first instance in a controversy where, his remedy at law is complete, and the court, without hesitation, came to the conclusion that he could not, if his remedy at law was as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.
 

 Most of the leading authorities were carefully examined ou the occasion and the court came to the following conclusion, which appears to be correct: That whenever a court of law in such a case is competent to take cognizance of a right and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff" must in general proceed at law, because the defendant, under such circumstances, has a right to a trial by jury.
 
 †
 

 Exceptions undoubtedly exist to that rule, of which there are many to be found in the reports of judicial decisions, and in which preventive relief was administered by injunction. Such relief is granted to prevent irreparable injury or a multiplicity of suits, or where the injury is of such a nature that it cannot be adequately compensated by damages at law, or is such, as, from its continuance or permanent mischief, must occasion constantly recurring grievance, which cannot be removed or corrected otherwise than by such a preventive remedy.
 

 Authorities to show that equity will interfei’e to restrain irreparable mischief, or to suppress oppressive and interrnin
 
 *622
 
 able litigation, or to prevent multiplicity of suits, is unnecessary, as that proposition is universally admitted.
 

 Jurisdiction may also be exercised by courts of equity to rescind written instruments in cases where they have been procured by false representations or by the fraudulent suppression of the truth, if it appear, that the rescission of the same is essential to protect the opposite party from pecuniary injury. Equity will rescind or enjoin such instruments where they operate as a cloud upon the title of the opposite party, or where the instruments aré of a character that the vice in the inception of the same would be unavailing as a defence by the injured party if the instruments were transferred for value into the hands of an innocent holder. Title-deeds fraudulently procured may, under such circumstances, be decreed to be cancelled or reformed, as the case may be, and bills of exchange or promissory notes may be enjoined and practically divested of their negotiable quality.
 

 Such jurisdiction also extends to the protection of letters-patent against infringement, and is exercised in many cases to prevent waste, and for many other judicial purposes, but the rule in the Federal courts is universal, that if the defendant has a good defence at law, and the i’emedy at law is as perfect and complete as the remedy in equity, an injunction will not be granted.
 

 Whether the remedy sought in this case would have been available if the suit had been instituted before the death of the person whose life was insured it is not necessary to determine, as no such question is involved in the record. Suffice it to say upon that topic that the complainant has not referred the court to any decided case which supports the affirmative even of that inquiry, but the difficulty in the way to such a conclusion in the case before the court is much greater, as by the death of the
 
 cestui que vie
 
 the obligation to pay, as expressed in the policies, became fixed and absolute, subject only to the condition to give notice and furnish proof of that event within ninety days. Notice haviug been given and the required proof furnished, the obligation to pay certainly became fixed by the terms of the policies and the
 
 *623
 
 sums insured became a purely legal demand, and if so, it is difficult to see what remedy, more nearly perfect and complete, the appellants can have than is afforded them by their right to make defence at law, which secures to them the right of trial by jury.
 
 *
 

 Where a party, if his theory of the controversy is correct, has a good defence at law to “ a purely legal demand,” he should be left to that means of defence, as he has no occasion to resort to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy. Nothing of the kind is to be apprehended in this case, as the contracts, embodied in the policies, are to pay certain definite sums of money, and the record shows that an action at law has been commenced by the insured to recover the amounts, and that the action is now pending in the court whose decree is under re-examination.
 

 Courts of equity unquestionably have jurisdiction of fraud, misrepresentation, and fraudulent suppression of material facts in matters of contract, but where the cause of action is “ a purely legal demand,” and nothing appears to show that the defence at law may not be as perfect and complete as in equity, a suit in equity will not be sustained in a Federal court, as it is clear that the case, under such circumstances, is controlled by the sixteenth section of the Judiciary Act.
 

 Decree affirmed.
 

 *
 

 Dalby
 
 v.
 
 The India and London Ins. Co., 15 C. B. 365; Loomis
 
 v.
 
 Eagle Life and Health Ins. Co., 6 Gray, 396; Lord
 
 v.
 
 Dall, 12 Massachusetts, 118; Trenton Life and Fire Ins. Co.
 
 v.
 
 Johnson, 4 Zab. 576; Rawls
 
 v.
 
 American Life Ins. Co., 36 Barbour, 357; S. C., 27 N. Y. 282.
 

 *
 

 Hipp
 
 v.
 
 Babin, 19 Howard, 271; Parker v. Lake Co., 2 Black, 545; Boyce Executors
 
 v.
 
 Grundy, 3 Peters, 210; Graves
 
 v.
 
 Ins. Co., 2 Cranch, 444 ; 1 Stat. at Large, 82.
 

 †
 

 Foley
 
 v.
 
 Hill, 1 Philips, 399; S. C., 2 House of Lords Cases, 28; Fire Ins. Co.
 
 v.
 
 Delavan, 8 Paige’s Chancery, 422; Alexander
 
 v.
 
 Muirhead, 2 Dessausure, 162; 5 American Law Register, 564.
 

 *
 

 Foley v. Hill, 2 House of Lords Cases, 45; Thrale
 
 v.
 
 Ross, 3 Brown’s Chancery Cases, 56; Arundel
 
 v.
 
 Holmes, 4 Beavan, 325; Norris
 
 v.
 
 Day, 4 Young & Collyer, 475.