SUNSET TELEPHONE & TELEGRAPH CO. v. WILLIAMS.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1908.)

No. 1,539.

CANCELLATION OF INSTRUMENTS — RIGHT OF ACTION — ADEQUATE REMEDY AT LAW.

A court of equity will not entertain a suit for the cancellation of a nonnegotiable contract, alleged to be false and fraudulent, on which the defendant has brought an action at law, since the question of the genuineness of the instrument may be fully and finally adjudicated in such action.

[Ed Note.—For cases in point, see Cent. Dig. vol. 8, Cancellation of Instruments, §§ 8, 13.]

Appeal from Circuit Court of the United States for the Northern Division of the Western District of Washington.

E. S. Pillsbury, Hughes, McMicken, Dovell & Ramsey, and Pillsbury, Madison & Sutro, for appellant.

Alfred L. Black and E. D. Kenyon, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.   This appeal is taken from a decree of the Circuit Court sustaining a demurrer to and dismissing the appellant's bill.   The following is the substance of the bill:   On January 20, 1905, the appellee, while in the appellant's employment, received a bodily injury.   On March 6, 1905, he entered into an agreement with the appellant, whereby he released all claim of damages for the injury. The appellant's copy of the instrument of release has been accidentally destroyed, and the appellant has no written evidence to establish its terms.   The appellee pretends to have a copy, and he falsely pretends that the same contains a stipulation that the appellant will pay the appellee the wages ($3 per day) which he was receiving at the time of the injury during the period of his disablement, and he pretends that he is permanently disabled.   The appellee asserts, and, unless restrained by injunction, will continue from time to time to assert, his right to have and receive from the appellant his full wages during the period of his disablement, and will, unless restrained, harass and imperil the appellant by a suit or suits in which the said false copy of the agreement will be exhibited and relied upon.   The appellant cannot defend against such claim unless the writing defining the terms of the agreement as made shall be restored, and the terms thereof established.   The prayer is that the appellee be enjoined from asserting, in any court or otherwise, a claim or demand under said pretended contract and that the true contract be expressed and restored, and the pretended copy be surrendered for cancellation.   It is not alleged in the bill that the appellee has brought an action, or that he threatens an action on the alleged pretended agreement, but both parties to the suit admit in their briefs in this court that such an action has been commenced.

The cancellation of written instruments is one of the recognized grounds of equitable jurisdiction which does not depend upon the inadequacy of the legal remedy, but courts of equity will in general refuse to exercise the jurisdiction when the legal remedy by action or defense is plain, adequate, and complete.   Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Grand Chute v. Winegar, 15 Wall. 373, 21 L. Ed. 174.   Thus the jurisdiction will be sustained in cases where the instrument has been obtained by fraud, and is a cloud upon title, or where the instrument is negotiable and the putting it into circulation would be a fraudulent act, or where there is danger of loss of evidence which constitutes the defense if the adverse party delays his action.   But the jurisdiction will not be exercised in a suit to cancel a nonnegotiable instrument to which defense may be made in an action at law thereon, unless particular facts are alleged which show that such a defense will be inadequate.   The decided weight of authority is that the mere ordinary danger of losing evidence to establish the defense, even where no action at law has as yet been brought upon the instrument, is not of itself sufficient to sustain the jurisdiction.   In the present case we have the admission of both the parties to the suit that an action is now pending, in which an immediate determination of the question in controversy may be had.

A case in point is Insurance Company v. Bailey, 13 Wall. 616, 20 L. Ed. 501, in which a suit was brought by an insurance company to ob-

tain the cancellation of certain policies which had been procured by the defendant through fraudulent suppression and misrepresentation of material facts. The court, while recognizing the equitable jurisdiction to order the delivery and cancellation of policies thus fraudulently obtained, held that the jurisdiction is properly declined when the misrepresentations and suppressions can be perfectly well used as a defense at law in an action on the policies; there being no allegation that the holder of the policies meant to assign them, and suit on the policies having been begun at law after the bill was filed. The appellant relies upon the opinion of Field, Circuit Justice, in Sharon v. Terry, 36 Fed. 337, 1 L. R. A. 572. That was a case brought to cancel a forged marriage contract. The court, in ruling that the legal remedy would be inadequate, took into consideration the nature of such a contract, in that it conferred upon the wife certain rights in the husband's property, and the fact that the instrument was asserted by a woman who was young against a man who was old, and might be asserted by the former whenever she chose, even after the latter's death. The bill in the present case contains no such or other special facts showing the inadequacy of the legal remedy. On a plea of non est factum to the legal action there may be obtained a complete and final adjudication of the question whether such an instrument was ever made. The appellant needs no other relief. A judgment in its favor in such an action will be a complete bar to any other action on such alleged agreement. It is argued that such a judgment would be inadequate because it must be based upon the naked finding that the appellant did not execute the particular contract pleaded in the law action, and that the appellee or his assignee might hereafter bring another action on another alleged contract, and, failing to establish that, might still sue upon another, or might bring an action on the tort which caused his injury. But we are not to assume that the appellee, after an adjudication that the instrument which he sues upon is not genuine, will then forge other instruments and bring vexatious suits thereon, subjecting himself to the penalties in such cases provided, nor is there anything in the bill before us to show that he ever entertained such a purpose. And, if such indeed were his purpose, he would be impeded in carrying it out no more by a decree in this suit canceling the instrument on which he relies and establishing the true agreement between the parties than he would be by the judgment in the action at law. The restoration of lost instruments is one of the grounds of equity jurisdiction, and there might be occasion here for equitable interposition for that purpose, were it not for the fact that before the commencement of this suit an action for damages for the appellee's personal injuries had been barred by the statute of limitations of the state of Washington.

The decree is affirmed.