## NEW YORK LIFE INS. CO. v. SISSON.

District Court, W. D. Pennsylvania. October 8, 1926.

No. 1654.

1. **Insurance** ⬿247, 248—**Insurance policy is subject to equitable rescission and cancellation for fraud.**

Insurance policy is a contract subject to equitable rescission and cancellation on ground of fraud.

2. **Contracts** ⬿265—**The status quo must be restored before action at law will lie for rescission of contract.**

In action at law for rescission of contract, the status quo must be restored before the action will lie.

3. **Insurance** ⬿249—**Return of premiums received is not condition precedent to suit in equity to cancel insurance contract for fraud.**

Suit in equity to rescind and cancel insurance contract on ground of fraud will lie, without a prior tender of premiums received, if plaintiff expresses a willingness to do equity.

**4. Cancellation of Instruments ⊜13—Insurer, suing to cancel insurance policy for fraud, held without legal remedy, in view of incontestable clause.**

Insurance company, suing in equity for cancellation of contract on ground of fraud, *held* without an adequate legal remedy, in view of incontestable clause.

In Equity. Suit by the New York Life Insurance Company against S. A. Sisson, administrator of the estate of Jacob Silverstein, deceased. On motion, in nature of a demurrer, to dismiss plaintiff's bill. Motion overruled.

Gordon, Smith, Buchanan & Scott, of Pittsburgh, Pa., for plaintiff.

Brooks, English & Quinn, of Erie, Pa., for defendant.

THOMSON, District Judge. This is a motion by the defendant, "in the nature of a demurrer," to dismiss the plaintiff's bill.

On July 22, 1924, the plaintiff issued a policy of insurance on the life of Jacob Silverstein in the sum of $25,000, containing a clause making the policy incontestable after two years from its date. On June 16, 1926, the plaintiff filed a bill in equity against the insured and S. A. Sisson, his committee, requesting the cancellation of the policy on the ground that the insurance had been procured by the said Silverstein by fraudulent misrepresentations and answers to questions contained in the applications for insurance filed with the company on July 16, 1924, upon the reliance of the truth of which the policy was issued. The plaintiff also asked an injunction restraining the defendants from instituting any action, either under the policy or for disability benefits, which might be claimed during the life of the insured. It was learned that the insured died the same day on which the action was instituted.

On July 2, 1926, no administrator of the estate of the decedent having been appointed, the plaintiff took action to compel the taking out of letters of administration, which resulted in the granting of letters to S. A. Sisson by the register of wills for Erie county, and the plaintiff then amended its suit, designating the said administrator as defendant, filed a new bill against the present defendant, securing a restraining order similar to the one originally made, which order was made permanent following service of process.

As grounds for the dismissal of the plaintiff's bill defendant urges: First, that the bill does not state any matter of equity or sufficient facts to entitle plaintiff to relief; second, that there is no allegation in the bill that the plaintiff returned or offered to return to the defendant, prior to the institution of the proceedings, the premiums paid by the insured on the policy; third, that it was necessary for the plaintiff to restore, or offer to restore, the said premiums before commencing suit. When the original bill was filed an order of court was made, directing the plaintiff to pay to the clerk the premiums paid by the insured, with interest to the date of the institution of suit, which was accordingly done.

Without going into the questions involved in detail, my conclusions are as follows:

[1] 1. The insurance policy is a contract, and there can be no doubt that such contract is subject to equitable rescission and cancellation on the ground of fraud. Harwi v. Metropolitan Life Insurance Co. (D. C.) 297 F. 479; Sunset Telephone & Telegraph Co. v. William (C. C. A.) 162 F. 301, 22 L. R. A. (N. S.) 374, and many other cases.

2. Sufficient facts are averred in the bill which, if found to be true by the court, would probably sustain a decree for cancellation.

[2] 3. In an action at law, the status quo must be restored before an action will lie. There, in order that the plaintiff may have a legal remedy based upon rescission by the act of the party himself, he must restore or attempt to restore the consideration. The rescission reinvested him with the legal title to the thing for which he subsequently sues, and therefore must be conditioned upon a surrender of the thing received by him in pursuance of the transaction he thus avoids. This may be appropriately termed a legal rescission, and is the act of the party thereto.

[3] 4. In equity, by reason of the change of situation, a different rule prevails. A bill in equity is an action brought to rescind, and is not based on any idea, or on any theory, that the contract has already been rescinded, as in an action at law. Here the plaintiff sues for rescission. The plaintiff simply seeks the aid of the court to set aside and rescind the contract, and it is in no sense essential that he should previously have attempted a rescission, or should have made a tender of the thing received, to the other party. In such an action the plaintiff simply expresses a willingness to perform such conditions as the court may regard necessary to impose as proper terms upon which relief shall be granted. In case of rescission, what the plaintiff should do to

reinstate the other party in statu quo as a condition for rescission is for the court to determine, having fully heard the case. This has been termed an equitable rescission, and the distinction between it and a legal rescission is perfectly plain, and has been fully recognized by the authorities. Pomeroy, Equity Jurisprudence, vol. 5, p. 4765; 9 Corpus Juris, p. 1215; Plews v. Burrage (C. C. A.) 274 F. 881; Twin Lakes Land & Water Co. v. Dohner (C. C. A.) 242 F. 402; and numerous authorities.

[4] 5. It might be added, in addition, that the complainant has no remedy at law, and can have none until the defendant brings its suit on the policy, and it could hardly be denied that the defense to an action, the bringing of which depends upon the will of the defendant, does not afford to the complainant that prompt and efficient relief which it has a right to claim under the bill. In a short time after the bringing of the suit, the right of action would have failed by reason of the incontestable clause in the policy.

The motion to dismiss must therefore be overruled.