## NEW YORK LIFE INS. CO. v. MARSHALL.

Circuit Court of Appeals, Fifth Circuit.
January 3, 1928.

Rehearing Denied January 25, 1928.

No. 5159.

1. Courts ⊕═262(2)—Federal equity court will not entertain suit to cancel insurance policy for fraud, which may be set up in defense of pending action at law in state court.

A suit in equity cannot be maintained in a federal court for cancellation of a life policy for fraud, which may be set up in defense of a pending action at law on the policy in a state court.

2. Equity ⊕═51(1)—To give right to relief in equity against multiplicity of suits, complainant must have prevailed in at least one law action.

A suit in equity cannot be maintained by a single complainant against a single defendant for relief on the ground of preventing a multiplicity of suits, unless the right asserted by complainant has been established by decision in his favor in at least one action at law.

3. Courts ⊕═328(1)—Federal court is without jurisdiction, where only matter in controversy involves less than jurisdictional amount.

A suit in equity cannot be maintained in a federal court, where the only matter in controversy on which relief could be granted involves less than the jurisdictional amount.

Foster, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit in equity by the New York Life Insurance Company against Mrs. Susie G. Marshall, widow of Frank A. Marshall. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 21 F.(2d) 172.

Richard B. Montgomery, of New Orleans, La., and B. D. Talley, of Bogalusa, La. (Richard B. Montgomery and Richard B. Montgomery, Jr., both of New Orleans, La., and Bascom D. Talley, of Bogalusa, La., on the brief), for appellant.

C. Ellis Ott, of Bogalusa, La., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant issued two policies of insurance on the life of Frank A. Marshall, one dated July 1, 1926, the other dated July 27, 1926. Each of the policies was for the sum of $2,500, unless the death of the insured "resulted directly and independently of all other causes from bodily injury effected solely through exter-

nal, violent, and accidental means, and occurred within 90 days after such injury," in which event the amount payable was $5,000, and each of the policies by its terms was incontestable after two years from its date. The last dated policy was issued in pursuance of a supplemental application, whereby the applicant reiterated and confirmed all the agreements, statements, representations, and answers contained in his original application, and warranted and declared that no change in his health or insurability had occurred since the date of his original application. The insured died on November 17, 1926.

After the appellee, the beneficiary in each of the policies and a citizen of Louisiana, had brought suit in a state court on the first issued policy for the sum of $2,500, the appellant, a New York corporation, filed in the court below the bill in equity in this cause. That bill contained allegations to the following effect: The appellant was induced to issue each of the policies by false answers of the insured to questions asked him as to his health and as to his consulting a physician or physicians, which answers were warranted to be true. The insured died from a disease which he had previous to his application to appellant for insurance. Before said bill was filed, appellant tendered to appellee the amount of premiums paid on said policies, and demanded the surrender of the policies. The tender and demand were refused. The bill contained prayers that appellee be enjoined from prosecuting the above-mentioned suit, brought by her on one of said policies, and that appellant have a decree in its favor rescinding and canceling said policies and ordering the return of them to the appellant. The appeal is from a decree sustaining a motion of the appellee that said bill be dismissed.

[1] As to the policy which was sued on in the state court before the bill was filed, the appellant has an adequate remedy at law by setting up in defense of that action defenses based on the alleged falsity of statements and representations relied on by the appellant in issuing that policy. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; New York Life Insurance Co. v. McCarthy, 22 F.(2d) 241 (Circuit Court of Appeals, Fifth Circuit, present term). As to the last issued policy, the averments of the bill do not show that any claim of the appellant for more than $2,500 is asserted or apprehended; the existence of a claim under that policy of more than that sum being negatived by the allegation that the death of the insured was

due to disease, and by the absence of allegations indicating that a claim by the appellee that the death of the insured was due to accident as defined in the policy, with the result of making the double indemnity payable, was made or apprehended. The only basis for equitable relief disclosed by the averments of the bill is as to a matter in controversy which does not exceed, exclusive of interest and costs, the sum or value of $3,000. In our opinion, the averments of the bill do not disclose a state of facts entitling the appellant to equitable relief on the ground of preventing a multiplicity of suits involving in the aggregate the required jurisdictional sum or value.

[2, 3] The bill does not show that appellant apprehends or is threatened with any suit by the appellee, other than the one brought in the state court, except one on a cause of action, another policy, separate and distinct from the one sued on in the state court. Furthermore, the right asserted by appellant has not been established by a single decision in its favor in a suit at law. Where a suit in equity, seeking relief on the ground of a multiplicity of suits, is brought by a single plaintiff against a single defendant, equity will not interfere, if the right asserted by the plaintiff has not been established by the decision in his favor of at least one action at law. Holland v. Challen, 110 U. S. 15, 3 S. Ct. 495, 28 L. Ed. 52; Wehrman v. Conklin, 155 U. S. 314, 15 S. Ct. 129, 39 L. Ed. 167; Pomeroy's Equity Jurisprudence (4th Ed.) § 253. We conclude that the bill was properly dismissed, because the only matter in controversy, with reference to which relief sought was grantable, involved a sum or value less than that required to give the court jurisdiction.

The decree is affirmed.

FOSTER, Circuit Judge (dissenting). As the policies contain a noncontestable clause, have the same beneficiary, and have matured, there could be question as to the right of plaintiff to bring one suit in equity to cancel both on the ground of fraud. New York Life Ins. Co. v. McCarthy, supra. It is well settled that the pendency of a suit in a state court, involving the same cause of action, between identical parties, is not a bar to a similar proceeding in a federal court. Stanton v. Embry, 93 U. S. 548, 23 L. Ed. 983; McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762. Therefore the pendency of a suit in the state court does not affect the question of jurisdiction.

The remedy at law must be as complete, as practical, and as efficient to the ends of justice and its prompt administration as the remedy in equity, to bar jurisdiction in equity. And it must be a remedy in the same court, not in some court other than the federal court. Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819. If the suit pending in the state court were removable, a different question would be presented.

I think the District Court had jurisdiction to entertain the bill, although it may be that, before a judgment is rendered, the suit in the state court may have become res adjudicata. It is not so now, and jurisdiction depends upon the facts existing at the time the suit is brought, and not on what the future may develop.

For these reasons, I respectfully dissent.