## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. PARKER et ux.

### No. 3622.

Circuit Court of Appeals, Fourth Circuit.

June 11, 1934.

H. J. Haynsworth, of Greenville, S. C., and Alva M. Lumpkin, of Columbia, S. C. (Thomas, Lumpkin & Cain, of Columbia, S. C., and Haynsworth & Haynsworth and Blythe & Bonham, all of Greenville, S. C., on the brief), for appellant.

Wilton H. Earle, of Greenville, S. C., for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dissolving a temporary restraining order and refusing an injunction. The bill sought cancellation of two policies of insurance and an injunction against the prosecution in the courts of South Carolina of four actions at law which had been instituted to recover disability benefits thereunder; relief being asked on the ground of alleged false representations and fraudulent concealments in the application upon which the policies were issued. Injunction was denied on the grounds that the amount necessary to federal jurisdiction was not involved and that complainant had an adequate remedy at law.

The pertinent facts, as set forth in the bill and exhibits, may be briefly stated. The two policies, which were based on the same application, were issued January 20, 1925. Both provided for monthly payments to the insured in the event of total disability, one in the sum of $200 per month and the other in the sum of $300 per month. The latter provided also for the payment of $5,000 to the wife of insured in case of his death as result of accident during the life of the policy. Premiums were paid on both policies until March 1, 1927, when insured applied for, and was allowed, disability benefits, which were paid by the company until April, 1933, and resulted in the payment of a sum in excess of $29,000.

In the early part of 1933 the company discovered that insured, in an application to the government in connection with a policy of war risk insurance, had made statements as

to his health and physical condition inconsistent with statements made in the application to it for the policies in question, and thereupon refused to make further payments under the policies. Following this, the insured instituted four actions against the company. Two of these, for the sum of $500 each with $2,400 punitive damages, were filed in the court of common pleas of Greenville, S. C., to cover the monthly benefits claimed to be due for the months ending May 17th and June 17th, respectively. Two for $500 each were instituted in the county court of Greenville county covering monthly benefits for the months ending July 17th and August 17th. These actions were instituted June 1st, June 23d, July 18th, and August 18th, respectively; and in each of them the company filed answer setting up as a defense the fraudulent misrepresentations and concealments relied on in the bill in this suit.

This suit was instituted by the company on September 27, 1933, against the insured and his wife, who was beneficiary under the accidental death provision heretofore mentioned. The bill prayed the cancellation of both policies on account of alleged fraudulent representations and concealments in the application, and asked injunctive relief against the prosecution in the state courts of the actions which had been there instituted and against the institution of further actions of like character.

■ We agree with appellant that the case involves the amount requisite to federal jurisdiction. What is asked by the bill is not merely that prosecution of the suits which have been instituted be restrained, but also that the policies be canceled and surrendered. As one of the policies provides for the payment of $5,000 in case of accidental death, and as the monthly payments for disability amount to $500 per month, which under the terms of the policies is to continue throughout the life of the insured, there would seem to be no question as to more than $3,000 being involved. But we agree with the learned judge below that the appellant has an adequate remedy at law for the matters of which it complains, and that the injunction was properly denied for that reason. Not only is the remedy at law adequate, but it appears that appellant has availed itself of this remedy by pleading as a defense to the actions which have been instituted against it the fraudulent representations and concealments in the application which it has alleged in its bill. When the issue thus raised is determined in any one of these actions, it will constitute an estoppel as between the parties which can be availed of in all of the others. Thus, without multiplicity of suits, the remedy which plaintiff seeks may be obtained without difficulty in any one of the law actions pending, and the trial by jury guaranteed by the Constitution (Const. Amend. 7) will not be impaired by unnecessary resort to equity.

■ The general rule, which has been long established, is that, after the right to recover on a policy of insurance has matured, equity will not ordinarily take jurisdiction of a suit to cancel it on the ground of fraud, and this for the reason that the company has an adequate remedy at law in its right to defend on that ground any action which may be instituted on the policy. Phoenix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 622, 20 L. Ed. 501; Cable v. Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. The rule laid down in the first of these cases and quoted with approval in the other is as follows: "By the death of the cestui que vie the obligation to pay, as expressed in the policies, became fixed and absolute, subject only to the condition to give notice and furnish proof of that event within ninety days. Notice having been given and the required proof furnished, the obligation to pay certainly became fixed by the terms of the policies and the sums insured became a purely legal demand, and if so, it is difficult to see what remedy, more nearly perfect and complete, the appellants can have than is afforded them by their right to make defence at law, which secures to them the right of trial by jury. Where a party, if his theory of the controversy is correct, has a good defence at law to 'a purely legal demand,' he should be left to that means of defence, as he has no occasion to resort to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy."

A special circumstance justifying the exercise of equitable jurisdiction is presented where the policy contains an incontestable clause and the period of contestability has not expired but may expire before the defense of fraud can be established in an action brought to recover on the policy. In such case equity will grant relief, as otherwise the company might be without remedy. Jefferson Standard Life Ins. Co. v. Keeton (C. C. A. 4th) 292 F. 53; Jones v. Reliance Life Ins. Co. (C. C. A. 4th) 11 F.(2d) 69; Jefferson Standard Life Ins. Co. v. McIntyre (C. C.

A. 5th) 294 F. 886; Peake v. Lincoln National Life Ins. Co. (C. C. A. 8th) 15 F.(2d) 303; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A. 3d) 19 F.(2d) 68; New York Life Ins. Co. v. Seymour (C. C. A. 6th) 45 F.(2d) 47, 73 A. L. R. 1523; New York Life Ins. Co. v. Renault (D. C.) 11 F.(2d) 281; New York Life Ins. Co. v. Sisson (D. C.) 19 F.(2d) 410; Philadelphia Life Ins. Co. v. Burgess (D. C.) 18 F.(2d) 599; Mutual Life Ins. Co. v. Dreeben (D. C.) 20 F.(2d) 394; Abraham Lincoln Life Ins. Co. v. Kleven (D. C.) 33 F.(2d) 638. And it was upon this ground alone that jurisdiction in equity was sustained in the recent case of Brown v. Pacific Mutual Life Ins. Co. (C. C. A. 4th) 62 F.(2d) 711, upon which appellant relies.

■ The policies here, however, contain no incontestable clause. Reference has been made to sections 7986 and 7987 of the South Carolina Code of 1932, which prescribe an incontestable period of two years for life insurance policies. There is a question as to whether this statute applies to the disability insurance features of policies; but the question need not be answered here, as equity jurisdiction would not exist in any event. If the limitation of the statute be applicable, it is clear that it had already run at the time of the institution of the suit, as the policies were issued in January, 1925, and the suit for cancellation was not commenced until September, 1933. In that case, the policy would have become incontestable before suit, and the company would have no rights as to contestability for equity to protect. If it be not applicable, then there is no limitation on contestability and no reason for equity to intervene lest the policy become incontestable as a result of the company's inaction.

■■ The argument is made with reference to the policy containing the accidental death provision that equitable intervention is necessary to protect the rights of the company against the rights of the wife as beneficiary under that provision, as she would not be concluded by any judgment rendered in a suit between the insured and the company on the disability provisions of the policy. For this position, Brown v. Pacific Mutual Life Ins. Co., supra, and New York Life Ins. Co. v. Halpern (D. C.) 47 F.(2d) 935, are relied on. The conclusive answer to the position, however, as pointed out by the court below, is that the policy has already become incontestable as to the accidental death feature; and this is the only feature in which the wife of the insured has any interest. The sections of the South Carolina Code to which we have adverted unquestionably operate to make a policy of life insurance issued to a person within that state incontestable on the ground that false representations were contained in the application, after it has received premiums for two years. See section 7986, Code of 1932. And it is settled, by the overwhelming weight of authority, that a policy providing for payment in case of accidental death is, to the extent of such provision, to be deemed a policy of life insurance within the meaning of a statute having relation to life insurance. Logan v. Fidelity & Casualty Co. of New York, 146 Mo. 114, 47 S. W. 948, 950; Whitfield v. Aetna Life Ins. Co., 205 U. S. 489, 498, 27 S. Ct. 578, 51 L. Ed. 895; New York Life Ins. Co. v. Rositzky (C. C. A. 8th) 45 F.(2d) 758; Continental Casualty Co. v. Agee (C. C. A. 8th) 3 F.(2d) 978; Aetna Life Ins. Co. v. Wertheimer (C. C. A. 10th) 64 F.(2d) 438; Lamport v. General Accident Fire & Life Assur. Corp., 272 Mo. 19, 197 S. W. 95; Johnson v. Fidelity & Casualty Co., 184 Mich. 406, 151 N. W. 593, L. R. A. 1916A, 475; Zimmer v. Central Accident Ins. Co., 207 Pa. 472, 56 A. 1003; Officer v. London Guarantee & Accident Co., 74 Colo. 217, 220 P. 499; Carter v. Standard Accident Ins. Co., 65 Utah, 465, 238 P. 259, 41 A. L. R. 1495. Since the company, therefore, had no right to defend against the accidental death feature of the policy on the ground of false representations in the application because of the receipt of premiums for more than two years, it had no right to ask cancellation of that feature of the policy, and no reason to invoke the aid of equity because of the interest of insured's wife therein.

■ Nor is there ground for invoking equitable jurisdiction to avoid multiplicity of suits. Without going into the troublesome question as to when jurisdiction in equity to avoid multiplicity of suits exists and the varous limitations upon that doctrine, it is sufficient to say that it can have no application where the only multiplicity apprehended is that of suits for successive payments due under a contract attacked on the ground of fraud; for the invalidity of the contract on this ground can be determined in any one of the suits, and the determination of the issue thus presented will be binding upon the parties in the others upon the principle of res adjudicata when pleaded and relied on there. As to estoppel by judgment first obtained in co-pending actions, see Kline v. Burke Construction Co., 260 U. S. 226, 230, 43 S. Ct. 79, 67 L. Ed. 226, 24

A. L. R. 1077. The practical effect of a contrary holding would be to give equity complete jurisdiction of all suits on health and disability insurance policies, and would deprive the parties of the right to trial by jury as guaranteed in the Federal Constitution and the constitutions of practically all of the states.

■■■■ As said by the Supreme Court in Matthews v. Rodgers, 284 U. S. 521, 529, 52 S. Ct. 217, 221, 76 L. Ed. 447: "In general, the jurisdiction of equity to avoid multiplicity of suits at law is restricted to cases where there would otherwise be some necessity for the maintenance of numerous suits between the same parties, involving the same issues of law or fact." And as pointed out by Professor Pomeroy (4th Ed.) vol. 1, § 254, a court of equity will not interfere to prevent the bringing of numerous actions at law by a single defendant, "unless its interference is clearly necessary to promote the ends of justice, and to shield the plaintiff from a litigation which is evidently vexatious." Equitable jurisdiction in such cases is but an extension of the jurisdiction to grant bills of peace or quiet title, and the legal right of the person invoking such jurisdiction should be established in his favor by the result of at least one action at law. New York Life Ins. Co. v. Marshall (C. C. A. 5th) 23 F.(2d) 225, 226. To quote again from Professor Pomeroy: "It should be carefully observed that a court of equity does not interfere in this class of cases to restrain absolutely and completely any and all trial and decision of the questions presented by the pending actions at law; it only intervenes to prevent the repeated or numerous trials, and to bring the whole within the scope and effect of one judicial investigation and decision." As a trial in any of the pending actions at law of the defense asserted by the company will to all intents and purposes finally determine as between the parties the question of the validity of the policies, in so far as they relate to disability insurance, and as the provision as to accidental death has become incontestable, there is no occasion for equity to assert jurisdiction, to avoid multiplicity of suits or for other reason. In the trial of one action at law, the company can obtain all the relief that is necessary for its protection.

For the reasons stated, the order appealed from will be affirmed; and, as we are of opinion that the bill is without equity, the court below will enter a further order dismissing it.

Affirmed.