## PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA v. ANDREWS.

### No. 9921.

Circuit Court of Appeals, Eighth Circuit.
May 6, 1935.

Walter McNett, of Ottumwa, Iowa (Claude H. Brown, of Ottumwa, Iowa, on the brief), for appellant.

Burn Bannister, of Ottumwa, Iowa (Merrill C. Gilmore and Edwin G. Moon, both of Ottumwa, Iowa, on the brief), for appellee.

Before STONE, SANBORN, and FARIS, Circuit Judges.

FARIS, Circuit Judge.

This case was heretofore considered by this court, and the appeal therein dismissed, for that, in the opinion of the court, the order from which the appeal was taken did not involve an appealable order or judgment. See Pacific Mutual Life Insurance Co. v. Andrews, 73 F.(2d) 839.

Pending a motion in this court for a rehearing, the Supreme Court of the United States handed down an opinion in the case of Enelow v. New York Life Insurance Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. Ed. ——, in which it was held, in effect, that an appeal will lie in a case wherein an equitable defense is set up to an action at law and such defense is dismissed without a hearing on the merits. When the above case was called to the attention of this court, a rehearing was granted, and the case is now again before us on the sole question whether defendant may maintain its equitable counterclaim for cancellation of the policy of insurance, which forms the basis of this action.

The controlling facts are few and simple. On December 10, 1931, appellant issued a policy of insurance on the life of one Henderson H. Andrews for the sum of $10,000, in which policy appellee, as wife of the assured, was named as beneficiary. Two months thereafter the assured was struck and run over by a freight train, had both legs cut off, and died as the result thereof.

On September 29, 1932, appellee filed this action on the above policy in a state court of Iowa. Appellant removed it, on the ground of diversity of citizenship, to the United States District Court for the Southern District of Iowa. In the latter court, appellant set up as defenses to appellee's action at law divers alleged fraudulent misrepresentations and alleged breaches of warranties in the application for the policy by the insured decedent. These fraudulent misrepresentations and breaches were, in appellant's answer on the law side, alleged to have been made by decedent with knowledge of their falsity and with intent to deceive. This answer was filed November 8, 1932.

Thereafter, and on July 22, 1933, appellant was by the District Court granted leave to file, and did file, what is called in the record "an equitable counterclaim," wherein it prayed as relief that the policy in suit be canceled, and to that end that the case be transferred to the equity side of the court.

As grounds for cancellation and equitable relief, appellant in its said equitable counterclaim reiterated all of the alleged fraudulent misrepresentations set up and relied on as breaches of warranties in its answer at law.

Salient portions of this counterclaim, including the allegation of scienter, read thus: "That in said application the said Henderson H. Andrews stated and represented, among other things, that his average earned income, exclusive of the income from investments had been over two hundred and fifty dollars per month during the past two years; that life and disability insurance in force in other companies consisted of only two policies in the Union Mutual of Iowa, each for five thousand dollars life and one hundred dollars monthly disability, taken out in the years 1930 and 1931, respectively; and no insurance or assessment company or fraternal society had ever refused him insurance, or limited or postponed his application; that the only insurance he had ever applied for without getting the policy was term insurance; and that he had no other application then pending. That each and all of said statements and representations were false and untrue and at the time known by the said Henderson H. Andrews to be false and untrue and were made with the purpose and intent of deceiving and misleading the defendant and inducing it to execute and issue the said contract of insurance to the said Henderson H. Andrews. That each and all of said facts, statements and misrepresentations were of material facts and constituted warranties, and such statements and representations were relied upon by the defendant, and in reliance thereon the said policy of insurance was executed, issued and delivered to the said Hen-

694

derson H. Andrews; and had it not been for each and all of said false representations said policy would not have been executed, issued or delivered by this defendant."

Appellee moved to dismiss appellant's counterclaim, on the ground, inter alia, that appellant had a full, complete, and adequate defense at law. The trial court vacated its order permitting the filing by appellant of its counterclaim in equity, sustained the motion of appellee to dismiss such counterclaim, and appellant appealed; undergoing thereafter the vicissitudes of procedure already mentioned.

The one decisive question is, Has defendant a complete and adequate remedy at law?. If it has, it cannot, of course, maintain its counterclaim sounding in equity.

In making answer to the above question, no occasion arises for again going carefully over the numerous cases which have dealt pro and con with the question propounded. This was done but recently in this court in the case of New York Life Insurance Co. v. Miller, 73 F.(2d) 350. To an extent almost every case must stand upon its own facts; they cannot be fully allocated to categories. The cases are numerous wherein, after the death of the insured, the insurer has been permitted to maintain an action in equity to cancel the policy for fraud. Riggs v. Union Life Ins. Co. (C. C. A.) 129 F. 207, 208; Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53, 54; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886, 888; Jones v. Reliance Life Ins. Co. (C. C. A.) 11 F.(2d) 69, 70; Peake v. Lincoln Nat. Life Ins. Co. (C. C. A.) 15 F.(2d) 303, 305; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A.) 19 F.(2d) 68, 69; New York Life Ins. Co. v. McCarthy (C. C. A.) 22 F.(2d) 241, 245; Adler v. New York Life Ins. Co. (C. C. A.) 33 F.(2d) 827; New York Life Ins. Co. v. Hurt (C. C. A.) 35 F.(2d) 92, 96; Lincoln Nat. Life Ins. Co. v. Hammer (C. C. A.) 41 F. (2d) 12, 16, 17; Equitable Life Assur. Soc. of U. S. v. Schwartz (C. C. A.) 42 F.(2d) 646, 648; New York Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 48, 73 A. L. R. 1523; Brown v. Pacific Mut. Life Ins. Co. (C. C. A.) 62 F.(2d) 711, 712; Phillips-Morefield v. Southern States Life Ins. Co. (C. C. A.) 66 F.(2d) 29, 30; Penn. Mut. Life Ins. Co. v. Joseph (D. C.) 5 F. Supp. 1003, 1006; Massachusetts Protective Ass'n v. Stephenson (D. C.) 5 F. Supp. 586, 590.

There are likewise many cases wherein the right to resort to equity for cancellation has been denied. Phoenix, etc., Ins. Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. United States Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188; New York Life Ins. Co. v. Miller (C. C. A.) 73 F.(2d) 350; Continental Casualty Co. v. Yerxa (D. C.) 16 F.(2d) 473, 474; New York Life Ins. Co. v. Marshall (C. C. A.) 23 F.(2d) 225; New York Life Ins. Co. v. Feicht (D. C.) 29 F.(2d) 318, 320; New York Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 48, 73 A. L. R. 1523; Riggs v. Union Life Ins. Co. (C. C. A.) 129 F. 207, 208. No definition accurately setting forth upon what facts equity may be moved to intercede can even be attempted. A general statement would merely be that equity will lie when its intervention is necessary to prevent injustice or irreparable injury, which, after all, is no clearer than to say in the converse that equity will not lie when the remedy afforded by law is full, complete and adequate. The most numerous single ground of equitable jurisdiction is bottomed on the failure of the beneficiary to institute an action on the policy, after maturity, and pending the lapse of the incontestable period.

The case of New York Life Insurance Co. v. Marotta (C. C. A.) 57 F.(2d) 1038, is greatly relied on by appellant. In that case it appeared that the defendant therein, after having set up at law the defense of fraud with a proper allegation of scienter, then set up equitable defenses bottomed on fraud in the procurement of the policy, but without any allegation of scienter, and prayed cancellation of the policies. There, as here, the insured was deceased, and the action was on policies of life insurance by the beneficiaries therein. The court held that an action would lie in equity to cancel and rescind the policies of insurance, notwithstanding there existed at law a right to set up fraud, and that such fraud at law, with scienter of course, was set up. The question whether the defense at law of fraud was or was not adequate is not discussed with directness, but by broad inference the case holds that an equitable defense and remedy for rescission for fraud, absent scienter, will lie, even though the answer of fraud at law may be full and complete. The Marotta Case, supra, was carefully considered and analyzed

by this court in the case of New York Life Insurance Co. v. Miller, supra; but Judge Munger, who delivered the opinion for this court, felt constrained to follow the Cable Case and the Bailey Case, both supra, which he deemed to follow a different rule and to conflict with the Marotta Case. Since the Miller Case, supra, was decided, the Supreme Court has passed on the case of Enelow v. New York Life Insurance Co., 293 U. S. 379, 55 S. Ct. 310, 311, 79 L. Ed. ——, in which we think they yet adhere to the rule laid down by them, in the Cable and Bailey Cases, supra.

In the case at bar, appellant, as shown by its answer at law and the quoted excerpt from its equitable counterclaim, pleads scienter both in its defense at law and in its counterclaim. Defendant in the Enelow Case, supra, did the like. Having done so, the Supreme Court said in the latter case that it had a full, complete, and adequate remedy at law, and that an action on the equity side, or a counterclaim sounding in equity for cancellation for fraud, would not lie.

Here appellant concedes that it pleaded too much; that its plea in equity would have been equally as good if it had omitted the allegation of scienter. To excuse its too far-flung plea, it invokes a local statute of Iowa, which, it urges, permits such surplusage. We are of opinion that neither the statutes of Iowa nor the interpretation thereof by the Iowa courts (which, it is fair to say, seem to bear out the construction urged upon us by counsel), are controlling in a matter having to do with federal equity pleading. But, be this as may be, the Supreme Court of the United States, in the Cable Case, the Bailey Case, and the very late Enelow Case, all supra, makes it plain that, after an action at law has been brought by a beneficiary on a life insurance policy, resort to equity to cancel and rescind for fraud will not lie absent allegation and a proof by the insured that through "special circumstances * * * he may suffer irreparable injury if he is denied a preventive remedy." Cable v. Insurance Co., 191 U. S. 288, loc. cit. 306, 24 S. Ct. 74, 77, 48 L. Ed. 188. That the strength of the above quotation may have suffered some slight amelioration by modification, as the cases above cited tend to show, does not at all detract from the argument.

The Enelow Case, supra, seems to us to rule this case, not only upon the general point that the equitable counterclaim will not lie in the instant case, but also upon the incidental contention of appellant that section 398, title 28 USCA, has had the effect to broaden the field of federal equitable jurisdiction. The court holds that, when Congress enacted section 274b of the Judicial Code (now section 398, supra), "the procedure was simplified, but the substance of the authorized intervention of equity was not altered."

It follows, in our opinion, that the trial court did not err in refusing to transfer this case from the law docket to the equity docket and in dismissing the appellant's equitable counterclaim. Let the case be affirmed and remanded to the trial court, to the end that a trial on the merits may be had not inconsistent with what is herein ruled.