NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINCOLN BENEFIT LIFE COMPANY, | No.   21-55152 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-09307-MWF-E |
| v. | |
| ALEXANDER DALLAL, an individual; CLAIRE DALLAL, an individual, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 16, 2022
Pasadena, California

Before:  OWENS and MILLER, Circuit Judges, and CHRISTENSEN,[**] District Judge.

Defendants-Appellants Alexander Dallal and Claire Dallal ("the Dallals")

bring this appeal following an adverse jury verdict.  The jury awarded Plaintiff-

Appellee Lincoln Benefit Life Company ("Lincoln") $619,290.49 in compensatory

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

damages and $300,000 in punitive damages. The district court subsequently resolved several outstanding equitable claims in favor of Lincoln. The Dallals moved for a new trial, which the district court denied. The Dallals now appeal. We have jurisdiction pursuant to 28 U.S.C § 1291, and, for the reasons stated herein, affirm.

1. We review the district court's exclusion of Dr. Chow as an expert witness for an abuse of discretion. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). The Dallals' expert witness disclosure as to Dr. Chow was untimely and was never accompanied with a report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). On appeal, the Dallals fail to establish these defects were substantially justified or harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)). Accordingly, exclusion was well within the district court's discretion.

2. Because the Dallals did not object to the challenged jury instruction, we review for plain error. *Bearchild v. Cobban*, 947 F.3d 1130, 1139 (9th Cir. 2020). To prevail, the Dallals must show: (1) an error; (2) that was plain; (3) which affected their substantial rights; and (4) "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. They have not done so here.

The parties agree that the three-year statute of limitations found in California Code of Civil Procedure § 338(d) applies to Lincoln's claims. This statute incorporates the "discovery rule" to "fraud actions by statute," *Cansino v. Bank of Am.*, 169 Cal. Rptr. 3d 619, 628 (Cal. Ct. App. 2014), providing that any "cause of action . . . is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake," California Civil Code § 338(d).

The discovery rule is an "important exception to the general rule of accrual . . . [and] postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). Under the discovery rule, the statute of limitations does not begin to run when the last element occurs, but instead at the time the plaintiff "at least suspects that someone has done something wrong to him." *Norgart v. Upjohn Co.*, 981 P.2d 79, 88 (Cal. 1999) (alterations and citation omitted).

As to the discovery rule, the district court offered the following instruction:

Lincoln seeks damages for harm that Lincoln claims occurred before December 16, 2013, the date that California law recognizes as significant under the statute of limitations in this action.

To recover all of its damages, Lincoln must prove that, before December 16, 2013, Lincoln did not know of facts that would have caused a reasonable insurance company to suspect that it had suffered harm that was caused by someone's wrongful conduct.

3

The Dallals challenge this instruction on two grounds, arguing: (1) that December 16, 2013 is the incorrect accrual date; and (2) the instruction insufficiently instructed the jury on Lincoln's obligation to act with reasonable diligence. Neither contention rises to the level of plain error.

Lincoln filed suit on December 16, 2016. This means that under the three-year statute of limitations established by California Code of Civil Procedure section 338(d), it could only recover for fraudulent claims accruing on or after December 16, 2013, *unless* the discovery rule applies. December 16, 2013 is the controlling date for any statute of limitations defense raised in this case and the Dallals offer no persuasive argument to the contrary.

As to the second point, to be sure, California's discovery rule obligates injured parties to act reasonably in uncovering injuries and diligently once they suspect them. *Fox*, 110 P.3d at 920. The Dallals, however, attempt to contort this standard into one obligating an insurer to presume it is being defrauded by its insureds and investigate claims even in the absence of any evidence of wrongdoing. This is simply not what the discovery rule requires. The jury was correctly instructed.

3. We review challenges to a jury's resolution of a question of fact for substantial evidence. *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984). Substantial evidence is "evidence adequate to support the

jury's conclusion, even if it is also possible to draw a contrary conclusion." *Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir. 2008) (citation omitted). We do not "weigh the evidence" and instead "simply ask whether the plaintiff has presented sufficient evidence to support the jury's conclusion." *Id.*

Here, the jury's conclusion as to the discovery rule was supported by substantial evidence. Specifically, at trial the jury was presented with overwhelming evidence that from 2004 to 2016 the Dallals systematically forged hundreds of records indicating Mr. Dallal was severely physically and cognitively incapacitated in order to wrongfully obtain insurance benefits. And during this period Lincoln did not simply take the Dallals at their word but instead conducted multiple independent nursing assessments during which Mr. Dallal feigned incapacity. The jury's verdict on this issue will remain undisturbed.

4. We review *de novo* whether a punitive damages award is excessive. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 436, 443 (2001). The Dallals challenge the punitive damages award under both California law and the United States Constitution. California law authorizes an award of punitive damages when a plaintiff establishes by clear and convincing evidence the defendant engaged in oppression, fraud, or malice. *Kaffaga v. Estate of Steinbeck*, 938 F.3d 1006, 1015–16 (9th Cir. 2019) (citing Cal. Civ. Code § 3294(a)). But California law prohibits punitive damage awards that are "excessive as a matter of

5

law or raise[] a presumption . . . of passion or prejudice." *Id.* at 1018 (quoting *Adams v. Murakami*, 813 P.2d 1348, 1350 (Cal. 1991)).

This state-law excessiveness analysis considers a variety of factors including the reprehensibility of the defendants' conduct, the relation between the compensatory damages awarded and the harm suffered, and the award's relation to "the wealth of the particular defendant." *Neal v. Farmers Ins. Exch.*, 582 P.2d 980, 990 (Cal. 1978). California generally finds punitive damage awards exceeding "10 percent of the" defendant's net worth excessive. *Michelson v. Hamada*, 36 Cal. Rptr. 2d 343, 359 (Cal. Ct. App. 1994).

The framework under which California reviews punitive damage awards remains constrained by the Constitution. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). Generally, a punitive damage award is unconstitutional when it is "grossly excessive or arbitrary," which requires a consideration of three factors: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Id.* at 416, 418.

In this case, a punitive damages analysis under either California law or the Constitution compels the same conclusion—the jury's punitive damages award

6

should remain undisturbed.  Over the course of nearly a decade, the Dallals systematically defrauded Lincoln out of hundreds of thousands of dollars in insurance benefits by forging documents and having Mr. Dallal feign physical and cognitive incapacity.  The jury's punitive damages award was half of the compensatory award and a fraction of the Dallals' $4,000,000 stipulated net worth. Insurance fraud is serious misconduct, which could be met with both civil and criminal penalties under California law.  Cal. Penal Code § 550(a)(1), (5), (b)(1)– (3), (c)(1), (3)–(4); Cal. Ins. Code § 1871.7(b).  Ultimately, after considering the requisite factors, we find no basis for disturbing the jury's punitive damages award under either California law or the Constitution.

5.  The district court's equitable cancellation of the Policy is reviewed for an abuse of discretion.  *Winding Creek Solar LLC v. Peterman*, 932 F.3d 861, 866 (9th Cir. 2019).  For equitable relief to issue, the benefiting party must have no adequate remedy at law and must suffer irreparable injury without it.  *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992).  Voiding contracts on the basis of fraud has long been considered a proper exercise of equitable power.  *See Phoenix Mut. Life Ins. Co. v. Bailey*, 80 U.S. 616, 622 (1871); *San Diego Flume Co. v. Souther*, 90 F. 164, 167 (9th Cir. 1898).

The district court did not abuse its discretion in voiding the policy.  Its conclusion that the Dallals' fraud had irreparably damaged Lincoln's ability to

7

trust them, and that continuance of the policy would require the expenditure of a disproportionate amount of resources, justifies the use of equitable powers in this case. And because the parties agree Lincoln has no mechanism to cancel the Policy absent equity, it lacks an adequate remedy at law. *Cf. Mort v. United States*, 86 F.3d 890, 892–93 (9th Cir. 1996). Even if the policy separately insured both Mr. Dallal and Mrs. Dallal does not prevent a total cancellation of the policy because the evidence established they were both active participants in the fraudulent scheme. There was no abuse of discretion.

**AFFIRMED.**